ROBERT C. CECIL, PLAINTIFF v. MARY A. CECIL, DEFENDANT

No. 8119DC1257

(Filed 19 October 1982)

**Divorce and Alimony § 19.5— modifiability of support provisions of separation agreement after parties divorced**

Where defendant moved for an increase in support payments alleging a change in circumstances, the court erred in denying defendant's motion by ruling "as a matter of law" that a prior order was "not an order that may be modified so as to permit an increase in the amount of alimony." Under the facts of the case, a separation agreement was merged into the divorce decree and became a decree of the court; however, since the agreement did not state whether the provisions were reciprocal or separable, there should be a hearing to determine the intention of the parties as to the reciprocity or separability of the provisions for support payments and property division.

APPEAL by defendant from *Grant, Judge.* Order entered 11 August 1981 in District Court, ROWAN County. Heard in the Court of Appeals 14 September 1982.

The parties to this action were married in 1949 and separated in 1975. The defendant brought an action against the

plaintiff in 1975 for alimony without divorce which was settled by a consent judgment. The consent judgment recited that the parties had entered into a separation agreement settling all matters between them and had agreed that the court could enforce the terms of the agreement by contempt proceedings. The court found as a fact that the terms of the agreement were fair to both parties and that the alimony which the plaintiff had agreed to pay was appropriate and commensurate with the plaintiff's earnings and the defendant's needs. The court ordered the plaintiff to comply with all the terms of the separation agreement. The separation agreement provided, among other things, that the plaintiff would make support payments to the defendant of $400.00 per month to be reduced by any amount the defendant received in disability insurance payments, that the plaintiff would make available to the defendant his health and accident insurance policy, that plaintiff would pay certain outstanding bills, and that defendant would have possession of the parties' residence until the parties were divorced, at which time the residence would be sold and the proceeds divided equally between the parties. These provisions were specifically incorporated into the judgment and the plaintiff was ordered to comply with them. The judgment recited that the cause was retained by the court in order to punish either party by contempt should such party willfully fail to abide by the terms of the judgment.

The plaintiff brought this action for divorce on 4 May 1976. On 3 June 1976 the parties entered into an agreement modifying the separation agreement by providing the defendant could live in their residence for one year with a provision for a sale of the plaintiff's interest to the defendant at the end of the one-year period. The amended agreement also stated that if the consent judgment, which had previously been filed, should be incorporated into the final divorce decree, the defendant would not contest the plaintiff's action for divorce. Plaintiff was granted a divorce on 8 June 1976. The court signed an order on 8 June 1976 which provided that the original separation agreement, the consent judgment in the alimony action, the 3 June 1976 amendment to the separation agreement, and an agreement by the parties not germane to this case, were all incorporated into the order, that they survived the granting of the divorce and that they were enforceable by the contempt power of the court.

The defendant made a motion for an increase in support payments on 2 July 1981 alleging a change in circumstances. The court denied the defendant's motion on 10 August 1981, ruling "as a matter of law that the order of September 25, 1975 is not an Order that may be modified so as to permit an increase in the amount of alimony." The defendant appealed.

*Robert M. Davis for plaintiff appellee.*

*Mona Lisa Wallace for defendant appellant.*

WEBB, Judge.

This appeal brings to this Court a question of the modification by the court of support provisions of a separation agreement after the parties are divorced. This question has been the subject of many cases. *See White v. White,* 296 N.C. 661, 252 S.E. 2d 698 (1979); *Levitch v. Levitch,* 294 N.C. 437, 241 S.E. 2d 506 (1978); *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964); *Allison v. Allison,* 51 N.C. App. 622, 277 S.E. 2d 551 (1981); *Baugh v. Baugh,* 44 N.C. App. 50, 260 S.E. 2d 161 (1979); *Britt v. Britt,* 36 N.C. App. 705, 245 S.E. 2d 381 (1978); *see also* Sharp, *Divorce and The Third Party: Spousal Support, Private Agreements, and the State,* 59 N.C.L. Rev. 819 (1981). In this state, the rule is stated that if a divorce decree or a consent judgment merely approves and sanctions the support payments which the parties have agreed in a separation agreement will be paid to a spouse, then the separation agreement is simply a contract approved by the court. It cannot be modified by order of the court. If the court adopts the separation agreement as its own determination of the rights and obligations of the parties and orders the support payments to be made, the separation agreement becomes a decree of the court. The support payments may then be modified upon a showing of a change in circumstances, unless the support provision and the other provisions of the separation agreement constitute reciprocal consideration for each other so that the agreement would be destroyed by a modification of the support provision.

We believe that under the above cited cases, particularly *Levitch,* the separation agreement in this case was merged into the divorce decree and became a decree of the court. We believe we are bound by *White* to hold that there must be a hearing to determine whether the provisions of the separation agreement

are separable or reciprocal. In *White* the separation agreement merged into the judgment provided that the husband would pay the wife $1,000.00 in a lump sum and $100.00 per month for support, and that he would convey his 1/2 interest in their home to her. The agreement did not state whether the provisions were reciprocal or separable. Our Supreme Court held there should be a hearing to determine the intention of the parties as to the reciprocity or separability of the provisions for support payments and property division. We believe this case is so similar that we are bound by *White* to reverse and remand for a hearing as to whether the support payments and the agreement by the plaintiff to sell his interest in their home to the defendant were reciprocal or separable. The burden of proof will be on the plaintiff to prove by the preponderance of the evidence that they were reciprocal. The opinion in *White* recites the factors which may be considered in reaching a decision.

The plaintiff argues that the judge who signed the consent order was the same judge who denied the defendant's motion and that it was obvious it was his intention that the order not be modifiable. It is not the intention of the judge but the intention of the parties as to separability or reciprocity which is crucial. The separation agreement in this case provides that it is a permanent settlement and each of the parties shall live as if they "had never been married to each other" and the plaintiff argues that this means that the parties intended the obligations arising from the marriage were permanently settled. If the court should find the support provision of the separation agreement is separable from the other provisions, it became alimony when it was adopted by the court; whatever the intention of the parties at the time the separation agreement was signed, the provision for alimony is subject to modification. There was not a finding that the defendant was a dependent spouse. This is a factor to be considered but it is not determinative.

We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges VAUGHN and WELLS concur.