ANNA B. DOUB v. EUGENE M. DOUB

No. 8321DC741

(Filed 5 June 1984)

**Divorce and Alimony § 20.2— enforcement of separation agreement—contract action**

There was no error in a trial court's refusal to allow defendant to put on evidence of changed circumstances where plaintiff wife's action was clearly an action in contract to enforce the terms of a 1978 separation agreement. The provisions for alimony payments to plaintiff wife and other property distribution as provided by the separation agreement were clearly reciprocal and therefore not separable or modifiable; therefore, there was also no error in the trial court's denial of defendant's motions to amend his answer, pursuant to G.S. 1A-1, Rule 15(a), for the purpose of alleging a change in circumstances.

APPEAL by defendant from *Alexander, Judge.* Judgment entered 6 April 1983 in District Court, FORSYTH County. Heard in the Court of Appeals 30 April 1984.

Plaintiff and defendant, married in 1958, separated and entered into a property settlement agreement in 1977. In May of 1978, the parties entered into a separation agreement which provided, inter alia, that defendant husband would pay to plaintiff wife $900.00 per month in alimony.

In October of 1978, defendant husband was granted an absolute divorce based on one year's separation. The divorce judgment found as facts that all claims for support or alimony had been settled by the 1977 property settlement agreement and the 1978 separation agreement and ordered that these agreements be incorporated by reference and made a part of the judgment.

In May of 1982, plaintiff wife filed an independent action, alleging that defendant husband had breached the 1978 separation agreement by discontinuing alimony payments. Defendant husband answered that plaintiff wife had in fact breached her contractual obligations under the separation agreement and that there had been a material change in circumstances preventing him from meeting his obligations under the separation agreement. Prior to the hearing on this matter, defendant husband made motions to amend his answer which were denied.

Judgment was entered on 6 April 1983, awarding plaintiff wife $14,400.00 and ordering defendant to comply with the terms

of the separation agreement to make future alimony payments to plaintiff wife. Defendant appeals.

*Morrow and Reavis, by John F. Morrow, for plaintiff-appellee.*

*Bruce C. Fraser for defendant-appellant.*

EAGLES, Judge.

I.

Defendant's first assignment of error is to the trial court's refusal to allow defendant to put on his evidence of changed circumstances. Defendant contends that this action is in effect one to enforce a court order for the payment of alimony and is, therefore, modifiable by the court. We do not agree.

Plaintiff wife's action in this case was clearly an action in contract to enforce the terms of the 1978 separation agreement. Because the 1978 separation agreement was incorporated by reference into the 1978 court order granting defendant an absolute divorce, defendant contends that the provision for alimony payment is part of a court order and thus modifiable, pursuant to G.S. 50-16.9. We find, however, that the alimony provisions here fall within the following exception as set out by our Supreme Court.

> Even though denominated as such, periodic support payments to a dependent spouse may not be alimony within the meaning of the statute and thus modifiable if they and other provisions for a property division between the parties constitute reciprocal consideration for each other.

*Rowe v. Rowe,* 305 N.C. 177, 184, 287 S.E. 2d 840, 844 (1982). Here, the provisions for alimony payments are included in one subsection of an eleven part section in which the parties detail a "division and settlement of marital rights and remaining properties." The provisions for alimony payments to plaintiff wife and the other property distributions as provided by the 1978 separation agreement are clearly reciprocal and therefore not separable or modifiable.

Defendant urges that *Walters v. Walters,* 307 N.C. 381, 298 S.E. 2d 338 (1983), is dispositive. It announces a new rule that

every court approved separation agreement is to be considered as part of a court ordered judgment and is thus modifiable and enforceable by the contempt powers of the court. *Id.* at 386, 298 S.E. 2d at 342. We note that the rule announced in *Walters* applies only to judgments that were entered after 11 January 1983 and therefore does not affect the 1978 judgment in this case. Even if the *Walters* decision were construed to apply to a 1978 judgment, we believe that it would not control here. In this case, plaintiff has elected to sue defendant for breach of contract instead of invoking the contempt powers of the court to enforce the court ordered separation agreement. We do not read *Walters* as depriving plaintiff of the option of electing to sue for breach of contract. While defendant is free to present evidence of his change of circumstances by filing a motion in the cause to modify the alimony provisions of the 1978 court order, this action is based on breach of contract and evidence of changed circumstances is not relevant. The trial judge, therefore, did not err in excluding defendant's evidence of changed circumstances.

II.

Defendant husband also assigns as error the trial court's denial of his motions to amend his answer. Rule 15(a) of the North Carolina Rules of Civil Procedure states that leave to amend shall be freely given when justice requires. A motion to amend is addressed to the sound discretion of the trial judge, and denial will be upheld on appeal absent a clear showing of an abuse of discretion. *Edwards v. Edwards*, 43 N.C. App. 296, 259 S.E. 2d 11 (1979). We find no abuse of discretion in the denial of either of defendant's motions to amend.

Defendant's first motion to amend was for the purpose of alleging a change in circumstances. In this action for breach of contract, to have allowed defendant to amend his answer to allege a change of circumstances would have allowed him to assert a new legal theory. We hold that the filing of this motion nine months after the complaint was filed and one week before the trial was to begin would cause undue delay and would unduly prejudice the plaintiff. See *Henry v. Deen*, 310 N.C. 75, 310 S.E. 2d 326 (1984). There was therefore no abuse of discretion in the trial judge's denial of defendant's first motion to amend.

Defendant's second motion to amend his answer was for the purpose of making more specific the original answer's allegation that plaintiff wife had breached the contract. This issue had been adequately raised in defendant's original pleadings. Defendant was already entitled to introduce his evidence of specific instances of plaintiff wife's breach. There was no need to amend defendant's answer in this way and no abuse of discretion in the trial judge's denial of this motion to amend by defendant.

### III.

We have carefully considered defendant's remaining assignments of error and find them to be without merit.

Affirmed.

Chief Judge VAUGHN and Judge BRASWELL concur.