ANNA B. DOUB v. EUGENE M. DOUB

No. 364PA84

(Filed 27 February 1985)

**Divorce and Alimony § 19.5; Husband and Wife § 13— separation agreement consent judgment—enforceability only by contempt**

The parties to a separation agreement consent judgment controlled by *Walters v. Walters,* 307 N.C. 381 (1983), do not have an election to enforce such judgment by contempt or to proceed in an independent action in contract.

Justice VAUGHN did not participate in the consideration or decision of this case.

ON defendant's petition for discretionary review of a decision of the Court of Appeals, 68 N.C. App. 718, 315 S.E. 2d 732 (1984), affirming judgment entered by *Alexander, J.,* at the 1 April 1983

session of District Court, FORSYTH County. Heard in the Supreme Court 4 February 1985.

*Morrow and Reavis, by John F. Morrow and Clifton R. Long, Jr., for plaintiff appellee.*

*Bruce C. Fraser for defendant appellant.*

PER CURIAM.

Except as modified herein, we affirm the decision of the Court of Appeals. That court correctly held that our decision in *Walters v. Walters*, 307 N.C. 381, 298 S.E. 2d 338 (1983), did not apply to the judgment at issue. However, the Court of Appeals fell into error when it stated by way of dicta:

> Even if the *Walters* decision were construed to apply to a 1978 judgment, we believe that it would not control here. In this case, plaintiff has elected to sue defendant for breach of contract instead of invoking the contempt powers of the court to enforce the court ordered separation agreement. We do not read *Walters* as depriving plaintiff of *the option of electing* to sue for breach of contract. While defendant is free to present evidence of his change of circumstances by filing a motion in the cause to modify the alimony provisions of the 1978 court order, this action is based on breach of contract and evidence of changed circumstances is not relevant. The trial judge, therefore, did not err in excluding defendant's evidence of changed circumstances.

*Doub v. Doub*, 68 N.C. App. 718, 720, 315 S.E. 2d 732, 734 (emphasis added).

We disapprove and disavow this statement by the Court of Appeals.

We reaffirm our holding in *Walters v. Walters*:

> [W]e now establish a rule that whenever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable, and en-

forceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case.

307 N.C. at 386, 298 S.E. 2d at 342.

The parties to a consent judgment controlled by *Walters* do *not* have an election to enforce such judgment by contempt or to proceed in an independent action in contract.

The decision of the Court of Appeals is

Modified and affirmed.

Justice VAUGHN did not participate in the consideration or decision of this case.