ROBERT C. CECIL v. MARY A. CECIL

No. 8419DC578

(Filed 7 May 1985)

1. **Divorce and Alimony § 19.5— separation agreement incorporated into consent decree—alimony provisions not separable—no modification of alimony**

   The evidence supported the trial court's findings and conclusions that the support provisions of a separation agreement incorporated into a 1975 consent decree were not separable but were reciprocal with the property settlement provisions. Therefore, the support provisions of the separation agreement were not modifiable.

2. **Divorce and Alimony § 20.3— proceeding to modify alimony—no right to attorney fees**

   The trial court erred in awarding attorney fees to defendant in a proceeding in which defendant sought modification of alimony subsequent to divorce where defendant was not entitled to the relief sought.

APPEAL by plaintiff and defendant from *Warren, Judge.* Order entered 6 December 1983 in District Court, ROWAN County. Heard in the Court of Appeals 4 February 1985.

This is the second time this case has been before this Court. In the first appeal, we remanded the case for a hearing and findings as to whether the support provisions of a separation agreement incorporated into a consent judgment were separable or reciprocal from provisions dividing property. *Cecil v. Cecil*, 59 N.C. App. 208, 296 S.E. 2d 329 (1982), *disc. rev. denied*, 307 N.C. 468, 299 S.E. 2d 220 (1983). On remand, the trial court found and concluded that the support provisions were reciprocal and inseparable, and consequently denied Mrs. Cecil's request for a modification of the support provisions. Mrs. Cecil appeals from that order. Mr. Cecil appeals from an award of counsel fees to Mrs. Cecil's attorney.

*Robert M. Davis, for plaintiff.*

*Mona Lisa Wallace, for defendant.*

JOHNSON, Judge.

[1]  Again we are presented with the question of the modifiability of the support provisions of a separation agreement made a part of a consent order. *See Cecil v. Cecil, supra; see also, Doub v. Doub*, 68 N.C. App. 718, 315 S.E. 2d 732 (1984), *modified and affirmed*, 313 N.C. 169, 326 S.E. 2d 259 (1985); *Acosta v. Clark*, 70 N.C. App. 111, 318 S.E. 2d 551 (1984). We note first that the rule of *Walters v. Walters*, 307 N.C. 381, 298 S.E. 2d 338 (1983), in which the Supreme Court held that separation agreements presented to the court for inclusion into consent orders were modifiable by the courts does not apply to this case. The rule of that case was expressly limited to that case and to consent judgments entered after the date of that opinion. Since the consent order in the present case was entered in 1975, this case is governed by the law before the *Walters* decision. Before *Walters*, separation agreements made a part of a consent judgment or order were modifiable only if the parties' agreement was adopted by the court as its own order. *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964). Further, even if the agreement was adopted by the court as its own order, the support provisions of an agreement were not modifiable if they were reciprocal with, and inseparable from, provisions for settling property matters. *Id.; White v. White*, 296 N.C. 661, 252 S.E. 2d 698 (1979). There is a presumption that the

support provisions are separable from the property division provisions; the burden is upon the party opposing modification to show that these provisions are reciprocal and inseparable. *White v. White, supra.*

In the first opinion in this case, we held the separation agreement in this case merged into the consent order and was made a decree of the court. *Cecil v. Cecil, supra* at 210, 296 S.E. 2d at 331. Relying upon *White v. White, supra*, we remanded the case for a hearing to determine whether the support provisions were separable. The question now before us is whether there was evidence to support the court's findings and conclusion that the support provisions were not separable but were reciprocal with the property settlement provisions. *Allison v. Allison*, 51 N.C. App. 622, 628, 277 S.E. 2d 551, 555, *disc. rev. denied*, 303 N.C. 543, 281 S.E. 2d 660 (1981).

The court made findings of fact, *inter alia*, that the parties entered into a separation agreement on 11 September 1975, which contained provisions for the payment of alimony and the division of property, including the marital home; that the support provisions and alimony provisions were interrelated and reciprocal; that the separation agreement was a full and complete settlement of all matters between the parties; that the parties entered into another agreement on the same date in which they agreed that Mrs. Cecil was to make the house payments and car payments from the amounts designated as alimony; that the parties subsequently amended the separation agreement on 3 June 1976 to provide that Mr. Cecil would convey his interest in the marital home to Mrs. Cecil for $2,000; that the divorce judgment recited that the consent order, separation agreement and agreement dated 11 September 1975 and property settlement dated 3 June 1976 would survive the granting of an absolute divorce; that the separation agreement was negotiated and agreed to by the parties, acting through their attorneys; that Mr. Cecil offered the amount in full settlement of all claims and division of property and that Mrs. Cecil accepted the amount tendered as a complete settlement of all property rights between the two.

At the hearing, the court had before it all agreements between the parties and orders entered in the case. The court also

heard testimony from the parties and their attorneys at the time these agreements and orders were entered into.

The consent order entered on 25 September 1975 required Mr. Cecil to pay alimony in the amount of $550 per month, which was to be reduced to $400 per month at the expiration of one year, to be reduced further by the amount of any disability insurance Mrs. Cecil might receive, according to paragraph one of the separation agreement. Paragraph one of the separation agreement further provided that if Mr. Cecil's Railroad Health & Accident Insurance policy did not cover Mrs. Cecil, then Mrs. Cecil would be "able to deduct from the credit which the husband received for her disability $200 per year to cover her insurance"; and that Mr. Cecil agreed to pay the house payment, light bill and car payment for the month of September and to pay Mrs. Cecil $200 for support upon the execution of the agreement. Hence, insurance and property matters were included in the same paragraph as the alimony payments. The consent order further provided, paralleling the separation agreement, that Mr. Cecil was to make his health and accident insurance policy available to Mrs. Cecil; that Mr. Cecil was to pay certain family bills; that Mrs. Cecil was to have possession and ownership of all the household furnishings and appliances, with the exception of a vacuum cleaner and floor polisher; and that Mrs. Cecil was to have possession of the house and to be responsible for the house payments until it was sold upon the parties' divorce, with the proceeds to be divided equally between the two of them. The separation agreement further provided that Mr. Cecil was to transfer title in an automobile to Mrs. Cecil and that she would be responsible for payments on the automobile. The parties specified in another agreement on the same date that the house and car payments were to be made from the sums designated as alimony. The evidence therefore supported a finding that the support provisions and property division provisions were interrelated and reciprocal.

The evidence also supported a finding that the parties intended the settlement to be a permanent settlement of all matters between the parties. The separation agreement provided that the parties "agreed that this is a permanent settlement of all marital claims" and that the "purpose and intent" of the agreement was "to separate the lives and estates of the parties hereto to the end that each of the parties may go his or her way, and each live his

or her own personal life, unmolested, unhampered and unrestricted by the other, just the same as if the parties had never been married to each other." The foregoing language evidences the parties' intent that the agreement be a permanent property settlement. *See Barr v. Barr*, 55 N.C. App. 217, 284 S.E. 2d 762 (1981).

Another factor which tends to show the parties did not intend for the alimony payments to be true alimony, but to be a permanent settlement, is the lack of language in the separation agreement or consent order that the payments would terminate upon Mrs. Cecil's remarriage or that Mrs. Cecil was a dependent spouse. *See, Barr v. Barr, supra; Allison v. Allison, supra.* The mere fact the parties labelled the payments as alimony did not make them alimony. *White v. White, supra.*

[2] Mr. Cecil has cross appealed from the award of counsel fees to Mrs. Cecil. In order to obtain an award of counsel fees in a proceeding seeking a modification of alimony subsequent to divorce, the party seeking the fees must show: (1) that he or she is a dependent spouse; (2) that he or she is entitled to the relief demanded based upon all the evidence; and (3) that he or she has insufficient means to defray the expenses of the proceeding. *Broughton v. Broughton*, 58 N.C. App. 778, 294 S.E. 2d 772, *disc. rev. denied*, 307 N.C. 269, 299 S.E. 2d 214 (1982). In the instant case, Mrs. Cecil was not entitled to the relief sought. The court therefore erred in awarding attorney's fees to her attorney. The award of counsel fees consequently must be vacated.

For the foregoing reasons, the portion of the order denying a modification of alimony is affirmed. The portion of the order awarding attorney's fees is vacated.

Affirmed in part; vacated in part.

Chief Judge HEDRICK and Judge COZORT concur.