ELLEN SPEAR MARKS v. EDGAR SEYMOUR MARKS

No. 8418DC934

(Filed 2 July 1985)

**Divorce and Alimony § 21.6— separation agreement—integrated property settlement—not modifiable**

The provisions of a 1974 separation agreement incorporated into a consent judgment were part of an integrated property settlement, and therefore not modifiable by a motion in the cause, where clearly neither party intended any provision of the deed of separation to be modifiable except as provided by its own terms or enforceable except by a separate action; the court that entered the consent judgment clearly intended that the consent judgment only be an approval of the deed of separation and not an adoption of it; the agreement included a clause indicating an intent that the alimony provision not be modified except under the terms of the agreement and then only after a fixed time; and it was clear from the record that the payment by defendant of alimony to plaintiff was an integral part of the overall property settlement between the parties. G.S. 50-16.9.

APPEAL by plaintiff from *John, Judge.* Judgment entered 30 March 1984, in District Court, GUILFORD County. Heard in the Court of Appeals 17 April 1985.

In this civil action, plaintiff seeks enforcement of defendant's obligation to pay her "permanent alimony" under the terms of a 1974 separation agreement between the parties. Defendant seeks modification of his alimony obligation under a 1974 consent judgment that incorporated the separation agreement.

Plaintiff wife and defendant husband were married in 1950. They separated in 1972. On 30 April 1974, plaintiff and defendant executed a Deed of Separation disposing of questions relating to, *inter alia,* child support, child custody, division of marital property, statutory and common law spousal rights, inheritance, taxes, and alimony. According to the deed, defendant was to pay alimony to plaintiff in an amount equal to 27½% of his yearly income but in no event less than $15,000 per year until plaintiff remarried or died. Defendant's estate was to be responsible for this obligation after defendant's death. As a lump sum transfer in lieu of alimony for the first seven years, defendant agreed to transfer to plaintiff his interest in the parties' marital home, which was valued at $210,000.

The deed of separation contained the following paragraphs:

10. DEED OF SEPARATION TO BE INCORPORATED INTO COURT DECREE AND TO SURVIVE DIVORCE. Nothing herein contained shall be deemed to prevent either of the parties from maintaining a suit for absolute divorce against the other in any jurisdiction based upon one or more years' separation.

The parties agree that this Deed of Separation may be incorporated in any court decree awarding alimony with or without divorce; but notwithstanding such incorporation, this agreement shall not be merged in such decree or any divorce decree, but shall be [sic] in all respects survive such decrees and be forever binding and conclusive upon each of the parties and his heirs, devisees, executors, administrators and assigns.

On 21 May 1974, the parties entered into the consent judgment that is the subject of this action. The consent judgment incorporated the deed of separation by reference as follows:

A. That the Deed of Separation duly executed by plaintiff and defendant on April 30, 1974, is hereby incorporated by reference in its entirety in this Order, and, by consent of the parties, is a part of the judgment of this Court; and that its terms shall control and determine alimony, child support, attorneys' fees paid by defendant for the benefit of plaintiff and all other matters set out therein; but that said Deed of Separation is not merged in this Order to the end that a final termination of this cause, if such should occur, will leave the parties free to enforce said Deed of Separation by independent action.

Regarding the alimony obligation, the consent judgment provides:

13. Said Deed of Separation provides for alimony for plaintiff on terms and in amounts which the Court deems appropriate, the Court having given due regard to the circumstances, estates, earnings, earning capacity, condition, and accustomed standard of living of the parties.

In December of 1981, plaintiff filed a complaint in District Court alleging that defendant's resumption of alimony payments was to have occurred on 15 August 1981. She alleged that she had demanded payment but that no payments had been made. Plaintiff sought enforcement of the alimony provision of the Deed of Separation.

Defendant responded denying the material allegations of the complaint and alleging further that plaintiff had not complied with the terms of the Deed of Separation. In a motion filed simultaneously with his response, defendant alleged that he had suffered severe financial reverses since entering into the consent judgment; that the financial position of the parties relative to one another had changed; that plaintiff was no longer a dependent spouse; and that the payment of permanent alimony was no longer warranted. Based on these changes of condition, defendant sought modification of the consent judgment to the end that his alimony obligation be terminated completely.

The parties stipulated that the preliminary question to be determined by the court was whether the 1974 Deed of Separation and consent judgment were modifiable. If so, the parties

would proceed on defendant's motion to modify and if not, on plaintiff's action to enforce the Deed of Separation.

After a hearing on 25 July 1983, the court held that the consent judgment was modifiable. A written order to this effect was filed *nunc pro tunc* on 9 November 1983.

Accordingly, on 12 December 1983, a hearing was held on the motion to modify and both sides presented evidence. On 30 March 1984, the trial court entered an order making extensive findings of fact regarding the incomes and estates of the parties and how their situations had changed since entering into the consent judgment. Based on these findings, the court concluded that plaintiff was no longer a dependent spouse and terminated defendant's obligation to pay alimony to her as of 8 January 1982, the date of defendant's motion. Plaintiff appealed.

*Hunter, Wharton and Howell, by John V. Hunter, III, for plaintiff-appellant.*

*Nichols, Caffrey, Hill, Evans and Murrelle, by William D. Caffrey and Richard L. Pinto for defendant-appellee.*

EAGLES, Judge.

As the trial court did, we first address the issue of whether the 21 May 1974 consent judgment was modifiable by motion in the cause. For reasons set out below, we hold that it was not and reverse the judgment of the trial court.

As has been noted in many similar cases, there are essentially two types of consent judgments. One is a contract that is approved by the court. It is enforceable or modifiable as an ordinary contract — by an independent action brought by one of the parties. *See, e.g., Moore v. Moore,* 297 N.C. 14, 252 S.E. 2d 735 (1979). The other is an actual adjudication of the court where the court adopts the agreement of the parties as its judgment and specifically orders compliance with the provisions of the agreement. It is enforceable or modifiable by a motion in the cause. *See, e.g., Stancil v. Stancil,* 255 N.C. 507, 121 S.E. 2d 882 (1961). *See generally, Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964); *Levitch v. Levitch,* 294 N.C. 437, 241 S.E. 2d 506 (1978).

G.S. 50-16.9, which applies to all orders entered on or after 1 October 1967, provides that any order for the payment of

alimony, whether entered by consent or not, is modifiable by a motion in the cause. In *Rowe v. Rowe,* 305 N.C. 177, 287 S.E. 2d 840 (1982) and *White v. White,* 296 N.C. 661, 252 S.E. 2d 698 (1978), the Supreme Court noted that this statute declared a clear public policy that consent orders to pay alimony are modifiable and that even a purported waiver of the statute would be without force and effect. Nevertheless, those cases held that consent orders containing provisions for the payment of alimony were not enforceable or modifiable by a motion in the cause where it appeared that the periodic support payments to the spouse, even though characterized or denominated by the parties as alimony, were actually reciprocal provisions of a property settlement and were integrated into the agreement in such a way that any modification of the support provision would destroy the agreement. *See Bunn v. Bunn, supra.*

Recently, in *Walters v. Walters,* 307 N.C. 381, 298 S.E. 2d 338, *reh'g denied,* 307 N.C. 703, --- S.E. 2d --- (1983), the Supreme Court held that any distinction between the types of consent judgments would no longer be recognized for purposes of enforcing the alimony provisions contained therein.

> [W]e now establish a rule that whenever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable and enforceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case.

*Id.* at 386, 298 S.E. 2d at 342. The Court specifically held that its previous opinions in *Bunn* and *Levitch* were no longer controlling to the extent that they conflicted with the new rule. By its own terms, the rule of *Walters* was prospective only. *Doub v. Doub,* 68 N.C. App. 718, 315 S.E. 2d 732 (1984), *modified and affirmed,* 313 N.C. 169, 326 S.E. 2d 259 (1985).

With these principles in mind, we turn to the Deed of Separation executed by the parties and incorporated by reference into the consent judgment of 21 May 1974. We find that the alimony provisions are clearly within the exception set out in *White* and

*Rowe* and relied on in *Doub* in that they are clearly part of an integrated property settlement.

It is clear that neither party intended any provision of the Deed of Separation to be modifiable except as provided by its own terms or enforceable except by a separate action. The deed specifies that its incorporation by reference into the consent judgment does not constitute a merger of the two. The deed also recites the agreement of the parties to be bound by it irrespective of any divorce decree. Further, the deed of separation in this case contains a provision entitled "COVENANTS NOT TO INTERFERE," which provides in part as follows: "It is the intention of the parties that each will not bother, molest, or interfere with the other in any way whatsoever from this day forward." In *Cecil v. Cecil,* 74 N.C. App. 455, 328 S.E. 2d 899 (1985), we held that a similar provision in the separation agreement involved in that case was evidence of the parties' intention that the agreement be a permanent property settlement. *See also Barr v. Barr,* 55 N.C. App. 217, 284 S.E. 2d 762 (1981).

Notwithstanding the intent of the parties to the deed of separation, the court that entered the consent judgment clearly intended that the consent judgment only be an approval of the deed of separation and not an adoption of it. In *Levitch v. Levitch, supra,* the consent judgment contained language respecting incorporation by reference of the deed of separation and survival of the deed beyond the court's order that is almost identical to the language in the consent judgment before us. There, the Supreme Court held that the "unequivocal language" of the consent judgment indicated the trial court's intent to adopt the deed of separation and to order compliance with its terms. Here, however, the court specifically provided that the incorporation by reference of the Deed of Separation into the consent judgment was not intended to be a merger of the two, only that the Deed of Separation was part of the judgment of the court. The court made findings of fact in the consent judgment that the terms of the Deed of Separation were in the best interest of both parties and specifically that the terms relating to alimony were appropriate. From the following finding it is clear that the court intended the consent judgment to be the final disposition of any matters in controversy.

17. The parties thereto and their attorneys accept this Order as a final determination of all matters and things raised or alleged or which might have been raised or alleged by the plaintiff's complaint, and of all matters and things in controversy between the parties, and all matters and things which might have been at issue, in law or in fact, at the trial of this action; and it is agreed and consented to by the parties hereto and their attorneys that this Order shall be as full, complete and final a determination as if any issues of fact had been answered by a jury and questions of law determined by the Court.

Similar language in a settlement agreement was recently held by this court to indicate an intent that the agreement be a permanent property settlement and not modifiable. *Cecil v. Cecil, supra.*

As a further indication that the alimony provision was intended to be part of a property settlement and not intended to be modifiable by a motion in the cause, we note that the Deed of Separation makes the provision for "permanent alimony" modifiable as follows:

Upon Husband's reaching the age of sixty-five either party may make motion in any court having jurisdiction for review and revision of the terms herein stated for the payment of permanent alimony. Said review and revision by the court shall include consideration of the estates, earnings, earning capacity, condition, accustomed standard of living of the parties and other relevant facts as provided by law. Such consideration shall not include the then income or estate of Husband's spouse, if any, nor the inheritance of Husband, if any.

While this capability for independent modification might, under *Acosta v. Clark,* 70 N.C. App. 111, 318 S.E. 2d 551 (1984), be construed to mean that the alimony provision is separable from the rest of the agreement and therefore modifiable under G.S. 50-16.9, we do not think that is the intention of the parties or the court in this case. Rather, it indicates an intent that the alimony provision not be modified except under the terms of the agreement and then only after a fixed length of time. Recognizing this, the court did not specifically order the payment of alimony, but merely

directed that the "terms [of the Deed of Separation] shall control and determine alimony."

Finally, it is clear from the record that the payment by defendant of alimony to plaintiff was an integral part of the overall property settlement between the parties. Both plaintiff and defendant were financially secure when they entered into the deed of separation and the consent judgment in 1974. According to plaintiff, they lived "in the lap of luxury." They each held, jointly or individually, several substantial income producing investments. The Deed of Separation disposing of their assets consumes 15 pages of the record on appeal and is a comprehensive and detailed division of the property and obligations of the parties. The "permanent alimony" provision is only one of 42 separate provisions, each dealing with a specific asset or obligation. The fact that defendant's obligation to pay alimony was suspended for a fixed seven year term contingent upon his transfer of his interest in the marital home indicates that the "alimony"—a substantial sum—was not necessary for plaintiff's support but was a reciprocal obligation supported by consideration and was part of an integrated property settlement.

We think it is clear that the alimony provisions contained in the consent judgment here were not alimony at all, despite their denomination as "permanent alimony"; that they are actually a part of an overall property settlement by the parties; that they are not separable from the other provisions of the Deed of Separation; and that modification of the alimony provisions now would destroy the agreement. Accordingly, we hold that G.S. 50-16.9 does not apply and that it was error for the trial court to determine that the consent judgment of 21 May was modifiable by a motion in the cause.

Because the consent judgment was not modifiable, it was error for the trial court to terminate defendant's obligation for "permanent alimony" under the consent judgment. Further discussion of that assignment of error is unnecessary. The judgment of the court is reversed, and the cause is remanded for proceedings to enforce the Deed of Separation.

Reversed and remanded.

Judges WHICHARD and JOHNSON concur.