ELLEN SPEAR MARKS v. EDGAR SEYMOUR MARKS

No. 475PA85

(Filed 6 May 1986)

1. **Divorce and Alimony § 19.5— separation agreement—merger into consent judgment—jurisdiction over agreement**

Where a pre-*Walters* consent judgment provided that a separation agreement was "hereby incorporated by reference," the agreement merged into the consent judgment and was superseded by the court's decree notwithstanding contrary language in the judgment that the agreement was "not merged in this order." Thus, the trial court had jurisdiction over the agreement. N.C.G.S. § 50-16.9(a).

2. **Divorce and Alimony § 19.5— consent judgment—support and property settlement provisions—presumption of separability**

Where the issue of separability of support provisions from property settlement provisions in a separation agreement incorporated into a consent judgment is not adequately addressed in the document itself, there is a presumption that the provisions therein are separable and subject to modification by the court upon a showing of changed circumstances, and the party opposing modification has the burden of proof on the issue of separability by a preponderance of the evidence. Therefore, the Court of Appeals erred in holding that a separation agreement incorporated into a consent judgment was an integrated property settlement which could not be modified by the trial court where no evidence was presented in the district court to rebut the presumption of separability of provisions.

3. **Divorce and Alimony § 19.4— termination of alimony obligation—showing of changed circumstances**

The trial court did not err in finding that changed circumstances justified the termination of defendant's obligation to pay alimony pursuant to a 1974 consent judgment where the evidence supported the trial court's findings of a significant change in the parties' incomes, estates, health and other factors following entry of the 1974 consent judgment, and the findings supported the court's conclusion that plaintiff is no longer a dependent spouse.

ON discretionary review pursuant to N.C.G.S. § 7A-31 from a decision of a unanimous panel of the Court of Appeals, 75 N.C. App. 522, 331 S.E. 2d 283 (1985), reversing an order of *John, J.*, entered 30 March 1984 allowing defendant's motion in the cause to modify an existing order for alimony, 74CVD9434, heard at the 12 December 1983 Civil Session of District Court, GUILFORD County. Heard in the Supreme Court 12 March 1986.

*Hunter, Wharton & Howell, by John V. Hunter III, for plaintiff-appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by William D. Caffrey and Richard L. Pinto, for defendant-appellant.*

MEYER, Justice.

On 30 April 1974, plaintiff and defendant entered into a "Deed of Separation" which resolved questions of child custody and support, division of marital property, alimony, and certain other rights as set forth therein. Shortly thereafter, on 15 May 1974, plaintiff filed a civil action, No. 74CVD9434, in District Court, Guilford County, for child custody, child support, and alimony. On 21 May 1974, a consent order was entered in that action, which stated, *inter alia*:

[I]t is ORDERED, ADJUDGED and DECREED:

A. That the Deed of Separation duly executed by plaintiff and defendant on April 30, 1974, is hereby incorporated by reference in its entirety in this Order, and, by consent of the parties, is a part of the judgment of this Court; and that its terms shall control and determine alimony, child support, attorneys' fees paid by defendant for the benefit of plaintiff and all other matters set out therein; but that said Deed of Separation is not merged in this Order to the end that a final termination of this cause, if such should occur, will leave the parties free to enforce said Deed of Separation by independent action.

The alimony award in the consent order, as detailed in the incorporated Deed of Separation, provided that defendant would transfer to plaintiff his one-half interest in the parties' homeplace in lieu of alimony payments for the period of the first seven years. The value of defendant's interest in the property was

$105,000; it represented defendant's alimony obligation to plaintiff in the amount of $15,000 per year for the seven-year period. After this period, future alimony would be determined by a paragraph entitled *"Permanent Alimony"* pursuant to which defendant was to pay to plaintiff a sum equal to twenty-seven and one-half percent of his gross personal income, with a minimum payment of $15,000 per year, terminable upon plaintiff's death or remarriage.

On 22 December 1981, plaintiff instituted a separate civil action, 81CVD8326, also in the District Court, Guilford County, for breach of contract, seeking to recover alimony arrearages and an order of specific performance of the Deed of Separation. Defendant answered and counterclaimed in this contract action and also filed a motion in the cause in the alimony action, 74CVD9434, to modify that order for alimony on grounds of changed circumstances.

Both plaintiff's contract action and defendant's motion in the alimony action were calendared for hearing during the week of 25 July 1983. The parties stipulated that the question of the modifiability of the alimony provisions of the Deed of Separation as incorporated into the consent judgment should first be determined. The parties further stipulated that if the trial court ruled in favor of plaintiff (that the alimony provisions are not modifiable), the court would hear evidence on plaintiff's breach of contract action; if the trial court ruled in favor of defendant (that they are modifiable), the court would hear evidence on defendant's motion to modify his alimony obligations. Following a hearing at the 25 July 1983 Civil Session of District Court, Guilford County, Judge Joseph R. John entered findings of fact and conclusions of law, and ordered:

> WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the alimony provisions set forth in the "Deed of Separation" executed on April 11, 1974, as incorporated into, adopted and ordered by the Consent Judgment entered on May 21, 1974, be and the same are hereby held to be modifiable as a matter of law upon a showing of changed circumstances; and that this cause (74 CvD 8326) [sic] be and same is hereby held open pending a hearing on the question of changed circumstances for a final determination of defendant's Motion to Modify

Order for Alimony in accordance with this order and the stipulations of the parties.

This the 9th day of ~~October~~ Nov., 1983, nunc pro tunc 7/25/83.

s/ JOSEPH R. JOHN
Presiding District Court Judge

In December 1983, pursuant to the above referenced order, lengthy evidentiary hearings were held in 74CVD9434 on the question of whether circumstances had changed to such a degree so as to warrant a modification of the alimony provisions of the 1974 consent judgment. On 30 March 1984, Judge John entered an order finding "a significant and sufficient change in circumstances . . . which warrants a modification of the alimony award encompassed in the Consent Judgment of May, 1974." Judge John ordered that defendant's obligation to pay alimony be terminated completely as of 8 January 1982.

Plaintiff appealed the entry and signing of the March 1984 order, and the Court of Appeals reversed the judgment in *Marks v. Marks*, 75 N.C. App. 522, 331 S.E. 2d 283. The panel below concluded that the alimony provisions contained in the consent judgment were not alimony at all, but were "actually a part of an overall property settlement by the parties; that they [were] not separable from the other provisions of the Deed of Separation; and that modification of the alimony provisions now would destroy the agreement." *Id.* at 529, 331 S.E. 2d at 287. Having found error in the trial court's determination that the consent judgment was modifiable, the panel below did not address assignments of error regarding changed circumstances and termination of defendant's spousal support obligations.

For the reasons set forth below, we reverse the decision of the Court of Appeals and reinstate the 30 March 1984 judgment of the District Court, Guilford County.

We note at the outset that this case is governed by the law as it existed prior to our decision in *Walters v. Walters*, 307 N.C. 381, 298 S.E. 2d 338, *reh'g denied*, 307 N.C. 703 (1983). The holding

in *Walters*[1] was expressly made prospective only and applies to judgments entered on or after 11 January 1983. The consent judgment in this case was entered in May 1974. Thus, because the following discussion involves pre-*Walters* law, this opinion will have limited public interest.

N.C.G.S. § 50-16.9(a) provides:

§ 50-16.9.  *Modification of order.*

(a) An order of a court of this State for alimony or alimony pendente lite, whether contested or entered by consent, may be modified or vacated at any time, upon a motion in the cause and a showing of changed circumstances by either party or anyone interested. This section shall not apply to orders entered by consent before October 1, 1967.

N.C.G.S. § 50-16.9(a) (1984). This statutory provision is satisfied when the following three elements are met:

(1) The court has jurisdiction over the parties and the agreement sought to be modified. Jurisdiction is attained over the agreement when the support provisions of the agreement constitute an order of the court.

(2) The support provisions ordered by the court constitute true "alimony or alimony pendente lite" and are not in fact merely part of an integrated property settlement. The support provisions of the agreement must be separable from the property settlement provisions.

(3) The party seeking modification meets his or her burden of demonstrating such a change in circumstances as would warrant a modification of the alimony or alimony pendente lite obligations imposed by court order.

---

1. "[W]e now establish a rule that whenever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable, and enforceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case." *Walters*, 307 N.C. at 386, 298 S.E. 2d at 342.

*See White v. White*, 296 N.C. 661, 666-67, 252 S.E. 2d 698, 701 (1979); *Walters v. Walters*, 307 N.C. 381, 387-88, 298 S.E. 2d 338, 342-43 (1983) (Exum, J., dissenting); Note, *Domestic Relations— Presumed Separability of Support and Property Provisions in Ambiguous Separation Agreements—White v. White*, 16 Wake Forest L. Rev. 152, 156 (1980).

A.  ORDER OF THE COURT.

[1]  Prior to our decision in *Walters*, this Court recognized two types of consent judgments. In the first type, which is nothing more than a contract, the court merely approves the payments and sets them out in a judgment. *Bunn v. Bunn*, 262 N.C. 67, 69, 136 S.E. 2d 240, 242 (1964). These court-approved contracts are not orders of the court. *Id.* In the second type of consent judgment, "the court adopts the agreement of the parties as its own determination of their respective rights and obligations and orders . . ." that the provisions of the separation agreement be observed. *Id.* "When the parties' agreement with reference to the wife's support is incorporated in the judgment, their contract is superseded by the court's decree." *Mitchell v. Mitchell*, 270 N.C. 253, 256, 154 S.E. 2d 71, 73 (1967). *Walters* abolished this bifurcated view of consent judgments and thus prospectively alleviated the complex analysis previously required by *Bunn* and its progeny in determining whether the first element ("court order" confers jurisdiction) of N.C.G.S. § 50-16.9(a) has been met.

Since *Walters* does not apply to the instant case, we must determine whether the trial court correctly found that the support provisions of the Deed of Separation were in fact ordered by the court. In pertinent part, the consent judgment entered 21 May 1974 states:

[I]t is ORDERED, ADJUDGED and DECREED:

A. That the Deed of Separation duly executed by plaintiff and defendant on April 30, 1974, is hereby *incorporated by reference in its entirety* in this Order, and, by consent of the parties, is a *part of the judgment of this Court*; and that *its terms shall control and determine alimony*, child support, attorneys' fees paid by defendant for the benefit of plaintiff and all other matters set out therein; but that said Deed of Separation is not merged in this Order to the end that a final termination of this cause, if such should occur, will leave the

parties free to enforce said Deed of Separation by independent action.

(Emphasis added.)

In his 9 November 1983 order, nunc pro tunc 25 July 1983, on the issue of modifiability, the trial judge found that:

> 4. It was the intent of the parties and of this Court to make the terms governing the alimony payable by defendant to plaintiff as set forth in the "Deed of Separation" a part of the judgment of this Court entered on May 21, 1974, and to adopt the provisions of the "Deed of Separation" and to order the defendant to comply with the alimony provisions.

We agree with the trial court's conclusion because it is in conformity with pre-*Walters* case law which governs the case at bar. In *Levitch v. Levitch*, 294 N.C. 437, 241 S.E. 2d 506 (1978), we extended the rule stated in *Bunn* and *Mitchell* to hold that when a separation agreement providing for spousal support is incorporated by reference in a judgment of the court, the parties' contract is superseded by the court's decree. In this situation, the agreement is adopted by the court and becomes a part of the court's judgment which orders compliance with the terms of the agreement.

The third clause of paragraph A of the May 1974 order states, in effect, that, notwithstanding the preceding two clauses making the Deed of Separation an order of the court, such deed "is not merged in this Order." We can only imagine what result the drafter had in mind in wording paragraph A in this manner.

A separation agreement adopted by the court and incorporated into a consent judgment ordering compliance therewith *merges* into the court order; the court's decree supersedes the separation agreement, which then ceases to exist as an independently enforceable contract. *Henderson v. Henderson*, 307 N.C. 401, 407, 298 S.E. 2d 345, 350 (1983); *Levitch v. Levitch*, 294 N.C. 437, 438-39, 241 S.E. 2d 506, 507; *Mitchell v. Mitchell*, 270 N.C. 253, 256, 154 S.E. 2d 71, 73. On the other hand, a separation agreement merely approved by the court but not incorporated into or ordered to be performed by the consent judgment is not a court order, does *not merge* into the consent judgment, and remains a separately enforceable contract between the parties. *See, e.g., Moore v. Moore*, 297 N.C. 14, 16, 252 S.E. 2d 735, 737 (1979); *Levitch v. Levitch*, 294 N.C. 437, 438, 241 S.E. 2d 506, 507; *Bunn*

*v. Bunn,* 262 N.C. 67, 69, 136 S.E. 2d 240, 242. *See generally* Sharp, *Divorce and the Third Party: Spousal Support, Private Agreements, and the State,* 59 N.C. L. Rev. 819, 848-53 (1981).

The parties cannot have it both ways. After plaintiff and defendant signed the Deed of Separation in April 1974, it became a valid contract, fully enforceable by traditional contract principles, including suit for breach or for specific performance. However, when plaintiff took the contract into court in May 1974 for incorporation into a consent judgment, obviously for the purpose of having the executory support provisions become court ordered and thus enforceable by the court's contempt power, the "burden" of modifiability of court-ordered support payments accompanied the "benefit" of enforceability by contempt. *See, e.g., Henderson v. Henderson,* 307 N.C. 401, 407, 298 S.E. 2d 345, 349.

We hold, therefore, that where, as here, the court incorporates by reference a separation agreement into a consent judgment, making the agreement a part of the judgment and ordering compliance with its terms, the agreement merges into the consent judgment and is superseded by the court's decree, any language to the contrary notwithstanding. *Cf. id.* at 408, 298 S.E. 2d at 350 (court-ordered consent judgment is enforceable by civil contempt notwithstanding the fact that it contains unequivocal language that it is nonmodifiable); *Acosta v. Clark,* 70 N.C. App. 111, 115, 318 S.E. 2d 551, 554 (1984) (separable and independent alimony provisions incorporated into divorce judgment are modifiable notwithstanding any express language to the contrary).

In summary, we hold that the trial court did not err in finding that the spousal support provisions of the Deed of Separation were ordered by the court in its 21 May 1974 judgment consented to by the parties. Thus, the trial court had jurisdiction over the agreement as required by the first element of N.C.G.S. § 50-16.9(a).

B.   TRUE ALIMONY — SEPARABILITY.

[2] The second requirement for modification pursuant to N.C.G.S. § 50-16.9(a) is that the support provisions ordered by the court constitute "alimony or alimony pendente lite." *See* N.C.G.S. §§ 50-16.1(1) and -16.1(2) (1984). Support provisions, although denominated as "alimony," do not constitute true alimony within the meaning of N.C.G.S. § 50-16.9(a) if they actually are part of an integrated property settlement. The test for determining if an

agreement is an integrated property settlement is whether the support provisions for the dependent spouse "and other provisions for a property division between the parties constitute reciprocal consideration for each other." *White v. White*, 296 N.C. 661, 666, 252 S.E. 2d 698, 701. *See also Bunn v. Bunn*, 262 N.C. 67, 70, 136 S.E. 2d 240, 243 ("if the support provision and the division of property constitute a reciprocal consideration so that the entire agreement would be destroyed by a modification of the support provision, they are not separable and may not be changed without the consent of both parties").

The panel below found that the support provisions in the instant case were *not* alimony but instead represented "a reciprocal obligation supported by consideration and [were] part of an integrated property settlement." *Marks v. Marks*, 75 N.C. App. 522, 529, 331 S.E. 2d 283, 287. We find the reasoning as well as the result of the opinion below to be erroneous, and we therefore reverse.

In its opinion, the Court of Appeals reviewed pre-*Walters* case law, noted our holding in *Walters*, and recognized that *Walters* does not govern the resolution of this case. The opinion then went on to state, however, that the support provisions in question here "are clearly within *the exception* set out in *White* and *Rowe*." *Id.* at 526-27, 331 S.E. 2d at 285 (emphasis added). We note, first, the rule that support provisions in an integrated property settlement are not "alimony" and are not modifiable is not an "exception" to any rule. It is merely a definitional method of determining whether the second element of N.C.G.S. § 50-16.9(a) has been met, that is, whether the provisions sought to be modified are true alimony as required by the statute or are, in fact, something else. If support provisions are found to be consideration for, and inseparable from, property settlement provisions, the support provisions, even if contained in a court-ordered consent judgment, *are not alimony* but instead are merely a part of an integrated property settlement which is *not* modifiable by the courts.

Second, although the panel below seemed to recognize that the cases of *White v. White*, 296 N.C. 661, 252 S.E. 2d 698, and *Rowe v. Rowe*, 305 N.C. 177, 287 S.E. 2d 840 (1982), control the separability issue here, it failed to recognize the principle upon which those cases are based.

In *White*, the primary issue was the separability of support provisions from property settlement provisions contained in a consent judgment. There, as here, the subject matter of the consent judgment included (1) support provisions for the dependent spouse and (2) provisions for a division of property. Whether these provisions were separable and independent depended upon the intent of the parties. There, as here, the parties did not indicate their intent regarding separability of the provisions. *But see Acosta v. Clark*, 70 N.C. App. 111, 114, 318 S.E. 2d 551, 554 (support and property division provisions expressly stated to be independent); *Britt v. Britt*, 36 N.C. App. 705, 711, 245 S.E. 2d 381, 385 (1978) (same).

Recognizing the anomalous results produced by "technical hair-splitting" in case-by-case determinations of parties' intent regarding the separability/integration issue, this Court adopted the reasoning of the Idaho Supreme Court in *Phillips v. Phillips*, 93 Idaho 384, 462 P. 2d 49 (1969), and announced the rule that, in cases in which the document itself does not adequately address the issue of separability,

> there is a presumption that provisions in a separation agreement or consent judgment made a part of the court's order are separable and that provisions for support payments therein are subject to modification upon an appropriate showing of changed circumstances. The effect of this presumption is to place the burden of proof on the party opposing modification. . . . [T]his burden [is] discharged only by a preponderance of the evidence.

*White v. White*, 296 N.C. 661, 671-72, 252 S.E. 2d 698, 704. *See also Rowe v. Rowe*, 305 N.C. 177, 184, 287 S.E. 2d 840, 844; *Cecil v. Cecil*, 74 N.C. App. 455, 456-57, 328 S.E. 2d 899, 900 (1985); *Rowe v. Rowe*, 74 N.C. App. 54, 57, 327 S.E. 2d 624, 626, *disc. rev. denied*, 314 N.C. 331, 333 S.E. 2d 489 (1985).

Contrary to any assumption implicit in cases such as *Allison v. Allison*, 51 N.C. App. 622, 277 S.E. 2d 551, *disc. rev. denied*, 303 N.C. 543, 281 S.E. 2d 660 (1981); *Barr v. Barr*, 55 N.C. App. 217, 284 S.E. 2d 762 (1981); and *Walters v. Walters*, 54 N.C. App. 545, 284 S.E. 2d 151 (1981), *rev'd*, 307 N.C. 381, 298 S.E. 2d 338 (1983), the *White* presumption is not an *alternative* method of resolving the issue of separability where the documents are unclear on the

point. As the Court of Appeals later recognized in *Cecil v. Cecil,* 59 N.C. App. 208, 296 S.E. 2d 329 (1982), *disc. rev. denied,* 307 N.C. 468, 299 S.E. 2d 220 (1983), the *White* presumption evidentiary hearing is required in those cases in which the presumption properly arises. *Rowe v. Rowe,* 305 N.C. 177, 187, 287 S.E. 2d 840, 846; *White v. White,* 296 N.C. 661, 672, 252 S.E. 2d 698, 704. Thus, if the party with the burden of proof (the party opposing a determination of separability) fails to rebut the *White* presumption by a preponderance of evidence at the evidentiary hearing in the district court, the *White* presumption of separability of provisions prevails.

In the instant case, the trial court held a hearing on 25 July 1983 on the sole issue of the "modifiability of the alimony provisions." The record before us contains no transcript of evidence presented in that hearing, and plaintiff's counsel stated during oral argument before this Court that he believed the trial judge was asked to rule on the issue on the strength of the pleadings and relevant documents as a matter of law. Indeed, the order entered pursuant to that hearing states in pertinent part:

> [A]fter hearing arguments of counsel, reviewing the file, including the "Deed of Separation" and Consent Judgment, and after reviewing the briefs of counsel and the cases cited therein, *and after both parties declined the opportunity to put forth additional physical evidence or testimony in support of their respective positions after having been given the opportunity to do so by the Court,* the Court makes the following Findings of Fact:
>
> . . . .
>
> 4. It was the intent of the parties and of this Court to make the terms governing the alimony payable by defendant to plaintiff as set forth in the "Deed of Separation" a part of the judgment of this Court entered on May 21, 1974, and to adopt the provisions of the "Deed of Separation" and to order the defendant to comply with the alimony provisions.

(Emphasis added.)

In that same order, the trial judge concluded as a matter of law, *inter alia:*

[T]herefore *the alimony provisions* located in the "Deed of Separation" as incorporated into, adopted and ordered by the Consent Judgment *are subject to modification* upon a showing of changed circumstances.

(Emphasis added.)

The trial judge's findings of fact and conclusions of law compel the conclusion that plaintiff, by failing to offer "additional physical evidence or testimony," failed to carry her burden of rebutting the *White* presumption of separability. In the instant case, because no evidence appears in the record that would support a contrary result, the trial judge's findings must be presumed to have been based on the apparent failure of plaintiff to produce such evidence as was required in order for her to carry her burden of proof. *Cf. In re McCarroll,* 313 N.C. 315, 317, 327 S.E. 2d 880, 881 (1985) (where evidence not included in the record, it is presumed that the evidence was sufficient to support the findings of fact); *Britt v. Britt,* 49 N.C. App. 463, 469, 271 S.E. 2d 921, 926 (1980) (same). Because the presumption was not rebutted by a preponderance of the evidence, the provisions for support are deemed separable from property settlement provisions and, because they were court ordered, were modifiable pursuant to N.C.G.S. § 50-16.9(a) upon defendant's showing of changed circumstances.

The Court of Appeals erred in failing to recognize that the *White* presumption applies in this case and that the presumption was not rebutted in the district court, and in undertaking its own "technical hair-splitting" analysis of the documents in question. The *White* presumption was announced for the purpose of avoiding such an analysis as was applied in *Allison, Barr, Walters I,* and by the panel below in the instant case, and of providing instead a "common-sense" approach to the resolution of the complex separability question. The district court must conduct the *White* evidentiary hearing in which the party with the burden of proof is afforded an opportunity to present evidence in rebuttal of the presumption of separability of provisions in all cases in which the presumption properly arises. On review of the district court's judgment following such a hearing, the appellate court may not substitute its own analysis of the parties' intent; it is limited to a review of the sufficiency of the evidence, if any, before the dis-

trict court, assuming that the issue is properly preserved for such a review.

As stated above, our review of the record reveals no evidence presented to the district court which would tend to rebut the *White* presumption of separability of provisions. The Court of Appeals therefore erred in holding that the Deed of Separation incorporated into the 1974 consent judgment was an integrated property settlement which could not be modified by the trial court.

## C. CHANGED CIRCUMSTANCES.

[3] Following lengthy hearings on the question of changed circumstances, the trial judge entered detailed findings of fact and conclusions of law and entered an order on 30 March 1984 terminating defendant's obligation to pay alimony to plaintiff as of 8 January 1982, the date of defendant's motion to modify the 1974 order.

The party moving for a modification of an alimony award has the burden of proving, by a preponderance of the evidence, that there has been a substantial or material change of circumstances. *See Britt v. Britt*, 49 N.C. App. 463, 470, 271 S.E. 2d 921, 926. The final decision must be based on a comparison of the facts existing at the time of the original order and the time when the modification is sought. *Broughton v. Broughton*, 58 N.C. App. 778, 781, 294 S.E. 2d 772, 775, *disc. rev. denied*, 307 N.C. 269, 299 S.E. 2d 214 (1982). Among the circumstances to be considered by the trial judge upon a motion to modify an award of alimony are those factors listed in N.C.G.S. § 50-16.5(a) ("estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case"). *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E. 2d 840, 846 (N.C.G.S. §§ 50-16.1 through -16.10 to be construed *in pari materia*).

[A]ny considerable change in the health or financial condition of the parties will warrant an application for change or modification of an alimony decree, and "the power to modify includes, in a proper case, power to terminate the award absolutely" . . . . "The fact that the wife has acquired a substantial amount of property, or that her property has increased in value, after entry of a decree for alimony or maintenance is an important consideration in determining whether and to what extent the decree should be modified."

*Sayland v. Sayland*, 267 N.C. 378, 383, 148 S.E. 2d 218, 222 (1966) (citations omitted).

We do not deem it necessary to set out the particulars of the trial judge's findings in support of his ordering the termination of defendant's obligation to pay alimony to plaintiff. A careful review of the record convinces us that there was ample evidence to support the trial judge's order. As plaintiff herself has pointed out, the "overriding principle" in cases determining the correctness of alimony is "fairness to all parties." *Beall v. Beall*, 290 N.C. 669, 679, 228 S.E. 2d 407, 413 (1976).

The March 1984 order clearly indicates that the trial judge took into consideration, and found a significant change in, the incomes, estates, health, and other factors during the years following the entry of the May 1974 consent judgment. Although plaintiff contends that the trial court erroneously considered a non-income producing asset in making its determination, the record indicates otherwise. The trial judge specifically excluded this asset in calculating plaintiff's present annual net income; he considered it solely in his review of the parties' overall financial circumstances. Likewise, it was not error for the trial judge to consider changes in the parties' net worth among the many other factors constituting the parties' "financial condition."

Finally, plaintiff's contention that she does not enjoy as high a standard of living as she did in 1974 and that defendant's standard of living is significantly higher than hers is not borne out by the record. The trial judge found as facts, for example, that plaintiff lives in a fully furnished, three bedroom condominium with her live-in companion (whose housing, food, clothing, recreation, and gifts are voluntarily furnished by plaintiff); enjoys a membership in the Starmount Country Club, as she did during her marriage to the defendant; and drives a Cadillac automobile. When defendant filed bankruptcy in January 1975, plaintiff purchased the majority of defendant's assets at the resulting bankruptcy sale, thereby increasing the value of her estate. Plaintiff's present net worth is $724,290; defendant's present net worth is $83,500, plus an eighty percent vested interest in his $230,000 retirement account.

These and all the other findings of fact are supported by competent evidence of record. "When the trial judge is authorized to find the facts, his findings, if supported by competent evidence,

will not be disturbed on appeal . . . ." *Beall v. Beall*, 290 N.C. 669, 673, 228 S.E. 2d 407, 409. The findings, in turn, fully support the trial judge's conclusion that "plaintiff is no longer a dependent spouse," which supports his order terminating defendant's spousal support obligations. Only a "dependent spouse" is entitled to alimony. *See generally Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980); N.C.G.S. §§ 50-16.1(3) and -16.2 (1984). We conclude, therefore, that the trial court did not err in terminating defendant's obligation to pay alimony pursuant to the 1974 consent judgment.

In summary, we hold that the order of the trial court was properly entered, and we therefore reverse the opinion of the Court of Appeals.

Reversed.