FELIX ESTEPHEN ACOSTA v. ELIZABETH JANE CLARK (ACOSTA)

No. 834DC430

(Filed 21 August 1984)

**Divorce and Alimony § 19.5— separation agreement incorporated in divorce judgment—modification of alimony provisions**

     The parties' separation agreement which was incorporated into the court's divorce judgment could be modified with respect to its alimony provisions, notwithstanding language in the agreement that it could not be modified without the consent of the parties.

APPEAL by plaintiff from *Martin (James N.), Judge.* Judgment entered 6 January 1983 in District Court, ONSLOW County. Heard in the Court of Appeals 8 March 1984.

This appeal arises as a result of the trial court granting defendant's motion to dismiss plaintiff's motion in the cause requesting a modification of an alimony provision contained in a separation agreement which was duly incorporated into a judgment for absolute divorce. In dismissing plaintiff's motion for modification, the trial court held that as a matter of law it had no authority to modify the alimony provisions of the agreement. Plaintiff appeals.

For reasons to follow, we hold that the trial court erred in holding that the alimony provisions were not modifiable except by the consent of the parties.

The sole issue presented on appeal is whether the trial court erred in holding as a matter of law that it did not have authority to modify the alimony provisions of the agreement.

*Gaylor, Edwards and McGlaughon, by Jimmy F. Gaylor, for plaintiff appellant.*

*Ellis, Hooper, Warlick, Waters and Morgan, by Lana S. Warlick, for defendant appellee.*

JOHNSON, Judge.

The undisputed facts are as follows: On 15 May 1980, the parties entered into a valid and enforceable separation agreement and property settlement which contained, *inter alia*, the following provisions relating to the payment of alimony by the plaintiff-husband to the defendant-wife:

(6) . . . The husband [plaintiff] hereby acknowledges that the Wife [defendant] is entitled to alimony . . . until remarriage.

Husband agrees to pay to the Wife the sum of $300.00 per month for her support and maintenance until remarriage.

The provisions for payment of alimony to the Wife shall not be modified or changed except by further agreement between the parties expressed in writing.

The provisions for alimony to the Wife are independent of any division or agreement for division of property between the parties, and shall not for any purpose be deemed to be a part of or merged in or integrated with a property settlement of the parties.

(9) . . . Should a divorce be decreed in any action or proceeding between the parties, this agreement shall be submitted to the court for its approval and the provisions hereof shall, if the court approves, be incorporated in, merged with, and become a part of such decree, and shall be enforceable as a part thereof.

On 16 March 1981, plaintiff filed an action for divorce based on a one year separation and sought to have the separation agreement incorporated into the divorce judgment. Defendant answered on 30 March 1981, requesting that plaintiff be granted the

relief prayed for in his complaint. On 1 April 1981, a judgment was entered granting plaintiff's divorce, and incorporating into it the separation agreement. On 10 November 1982, plaintiff made a motion in the cause for modification of the alimony portions of the divorce judgment alleging a change in circumstances of the parties since entry of that judgment. Defendant moved to dismiss plaintiff's motion alleging that as a matter of law the court lacked jurisdiction and the authority to modify the alimony provisions of the separation agreement. The basis for defendant's motion was that the alimony provisions of the agreement were not modifiable, even though they had been incorporated into the divorce judgment, because the agreement was a contract containing clear and unambiguous language that the alimony provisions were not to be modified except by the consent of both parties in writing.

The trial court made findings of fact consistent with the above undisputed facts, and further found (1) that by incorporating the separation agreement into the divorce judgment of 1 April 1981, the court thereby intended to order plaintiff to pay to defendant alimony; (2) that plaintiff and defendant have not agreed to modify or change the separation agreement; is clear and unambiguous, leaving no room for construction.

Based upon its findings of fact, the court concluded as a matter of law that plaintiff is obligated to pay to defendant for her support and maintenance the sum of $300.00 per month until her remarriage and that the alimony provisions cannot be modified or changed except by written agreement entered into by the parties.

I

Defendant first argues that the question of whether alimony payments can be modified has not been completely resolved; and that courts have only used terms such as "usually" and "ordinarily" in describing the lower court's authority to modify a consent order. In other words, defendant appears to argue that this is not the "usual" or "ordinary" case and therefore modification is inappropriate. While we agree that the courts have occasionally used such language, they have nonetheless based their decision upon a principled distinction between two types of consent judgment.

> In one, the court merely approves . . . the payments which the husband has agreed to make for the wife's support and

sets them out in a judgment against him. Such a judgment constitutes nothing more than a contract between the parties made with the approval of the court. . . . In the other, the court adopts the agreement of the parties as its own determination of their respective rights and obligations and orders the husband to pay the specific amounts as alimony.

*Bunn v. Bunn,* 262 N.C. 67, 69, 136 S.E. 2d 240, 242 (1964); *See also Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71 (1967). The contract-judgment of the first type is not enforceable by the court's contempt powers. It cannot be changed except with the consent of both parties. *Bunn, supra,* at 69, 136 S.E. 2d at 242. However, "[a] judgment of the second type, being an order of the court, may be modified by the court at any time changed conditions make a modification right and proper." *Id.* at 69, 136 S.E. 2d at 243.

To be considered a judgment of the second type, which is modifiable by the court, the support provisions of the agreement and the parties' property settlement must not "constitute a reciprocal consideration so that the entire agreement would be destroyed by a modification of the support provision." *Id.* at 70, 136 S.E. 2d at 243. In such a situation the provisions would not be separable and could not be modified without the consent of both parties. *Id.; White v. White,* 37 N.C. App. 471, 475, 246 S.E. 2d 591, 594 (1978).

Defendant does not dispute that the support provisions are independent of the property settlement. In fact, the separation agreement expressly states that they are independent. Further, defendant does not dispute that the separation agreement was duly incorporated into the divorce judgment. When incorporation of the parties' agreement into the court order takes place, the terms of the agreement are superseded by the court's decree. *Mitchell, supra,* at 256, 154 S.E. 2d at 73.

Defendant argues that the judgment is not modifiable because the parties expressly agreed that it was not modifiable except with the consent of both parties. This argument is without merit. The Supreme Court has clearly stated that "[a] court-ordered consent judgment is enforceable by civil contempt notwithstanding the fact that it contains unequivocal language that it

is non-modifiable." *Henderson v. Henderson,* 307 N.C. 401, 408, 298 S.E. 2d 345, 350 (1983).

II

Defendant further contends that it would not be inconsistent with public policy to uphold the parties' original agreement respecting the alimony payments. However, the legislative intent, as expressed in G.S. 50-16.9, is that the public policy of North Carolina shall be in favor of modification of alimony provisions contained in consent judgments and the analogous area of incorporated separation agreements.

In addition, the Supreme Court, having noted some confusion in this area of family law, recently held:

[W]henever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable and enforceable by the contempt powers of the court. . . .

*Walters v. Walters,* 307 N.C. 381, 386, 298 S.E. 2d 338, 342, *reh'g denied,* 307 N.C. 703 (1983). As justification for this seemingly harsh rule, the Court noted that if the parties wish to preserve their agreement as a contract they need only avoid submitting their agreement to the court. *Id.* While the *Walters* Court expressly stated that its holding was not to apply retroactively to judgments entered, as here, before its date of decision, *Walters* nevertheless reaffirms the long-standing policy in North Carolina in favor of the modification of alimony payments.

Basing our decision upon the cases decided prior to *Walters* and upon the policy in this state as set forth in *Walters* and its progeny as well as G.S. 50-16.9, we hold that the alimony provisions of the separation agreement, under discussion, which were separable and independent, and which were incorporated into the divorce judgment were modifiable notwithstanding any express language to the contrary. Therefore, the district court had the

authority to order appropriate modification upon a showing of change of circumstances as required by statute.

For the reasons stated, the order of the district court dismissing plaintiff's motion in the cause for modification of the alimony award is reversed and this cause is remanded for a hearing on plaintiff's motion in the cause.

Reversed and remanded.

Judges HEDRICK and HILL concur.