JO ANNE McCORMACK HAYES v. RODDY HAYES

No. 8914DC1284

(Filed 21 August 1990)

1. **Divorce and Alimony § 19.5 (NCI3d) — integrated property settlement — court-ordered support payments — modification — no termination upon remarriage**

   Court-ordered support payments which are a part of an integrated property settlement agreement are not true alimony and are thus not subject to modification by the trial court and do not terminate as a matter of law upon remarriage of the dependent spouse.

   **Am Jur 2d, Divorce and Separation §§ 420, 681, 846.**

2. **Divorce and Alimony § 19.5 (NCI3d) — separation agreement — incorporation into court order — request of parties — when support provision modifiable**

   The opinion in *Walters v. Walters*, 307 N.C. 381, 298 S.E.2d 338 (1983), does not permit modification of support payments which are part of an integrated property settlement agreement simply because the agreement was included in a court order pursuant to the request of the parties. However, that decision does allow modification of support payments included in a court-ordered decree at the request of the parties when the support payments are not part of an integrated agreement.

   **Am Jur 2d, Divorce and Separation §§ 706, 846, 872.**

3. **Divorce and Alimony § 19.5 (NCI3d) — separation agreement — consent order — support and property division provisions — presumption of separability — burden of proof**

   Where the issue of separability of support and property settlement provisions of a separation agreement incorporated into a consent judgment is not adequately addressed by the agreement itself, there is a presumption that the provisions therein are separable, and the party opposing modification of the support provision had the burden of proof on the issue of separability by a preponderance of the evidence.

   **Am Jur 2d, Divorce and Separation §§ 706, 846, 872.**

4. **Divorce and Alimony § 19.5 (NCI3d) — separation agreement — consent order — support and property division provisions — separability — necessity for hearing**

Where a separation agreement incorporated into a consent order did not contain explicit, unequivocal language concerning the separability or integration of support and property division provisions, the trial court erred in concluding that the agreement was an integrated property settlement without conducting an evidentiary hearing to determine the intent of the parties on this issue, since the court in effect ignored the presumption of separability.

**Am Jur 2d, Divorce and Separation §§ 706, 846, 872.**

5. **Divorce and Alimony § 19.5 (NCI3d) — consent order incorporating separation agreement — unwritten consent**

The trial court's order incorporating and amending a separation agreement was a "consent" order even though the parties did not execute written consents to the order where the parties indicated their consent in open court prior to the entry of the order and did not object to the inclusion of the separation agreement in the order, and the agreement itself contemplated that it would be included in a court order.

**Am Jur 2d, Divorce and Separation §§ 706, 846, 872.**

APPEAL by defendant from order entered 12 September 1989 by *Judge Richard G. Chaney* in DURHAM County District Court. Heard in the Court of Appeals 30 May 1990.

*Pulley, Watson, King & Hofler, P.A., by Tracy K. Lischer and Donna B. Slawson, for plaintiff-appellee.*

*Lewis & Anderson, P.C., by Susan H. Lewis and Robert A. Monath, for defendant-appellant.*

GREENE, Judge.

Defendant (husband) appeals from the order of the trial judge denying his motion to terminate court-ordered alimony.

The record reveals that on 10 November 1987, the plaintiff (wife) and husband entered into a "Contract of Separation and Property Agreement" (Agreement). Among other things, the Agreement provides that husband is to pay to the wife the sum of $280.00

"per month in alimony, payments to continue until the death of Husband or Wife or remarriage of Wife, which ever occurs first." The Agreement further divides the real and personal properties between the parties and determines child custody and child support. Included in the Agreement is the statement that the parties accept the provisions of the Agreement as a full release and in satisfaction of all property rights "including all rights to an equitable distribution of real and personal property as provided by the 'Equitable Distribution of Property Act' pursuant to N.C.G.S. § 50-20." Paragraph 24 of the Agreement provides:

> 24. The Provisions of this Contract of Separation and Property Agreement shall be incorporated in the decree of absolute divorce and this Contract of Agreement shall be merged in such decree . . .

On 11 January 1988, the wife filed an action requesting alimony, custody of the minor children, divorce from bed and board, and child support. She further requested that the separation Agreement executed on 10 November 1987 be declared null and void on the grounds that the Agreement was signed by the wife under duress from the husband and "against the advice of counsel, at a moment when the [husband] was intolerably abusive."

On 11 October 1988, the parties appeared before the trial court and announced in open court that they had reached an agreement on the issues raised in the wife's complaint. In open court, as reflected in a "Memorandum of Consent" the parties agreed to the following:

> Regarding alimony, the separation agreement will be modified to provide that the husband will pay $280.00 per month in alimony, which will continue until October 31, 1993, or until the wife remarries. And the wife, of course, will limit any claim she has to alimony to this $280.00 per month for the five years. And at that time, it will expire.

The terms of the Agreement were first stated to the court by the attorneys for the parties, and subsequently the trial court, as reflected in the "Memorandum of Consent," inquired of both parties if they in fact understood and agreed to the statements of their attorneys.

On 14 December 1988, based on the consent of the parties given in open court on 11 October 1988, the trial court entered an order providing in pertinent part:

FINDINGS OF FACT

. . .

7. That the [wife] and the [husband] entered into a Separation Agreement dated November 10, 1987, which is incorporated as if fully set óut herein and amended as indicated in paragraph 11.

. . .

11. That the parties have resolved the matters of Alimony and Property Division, and have stipulated in open court to amend the Separation Agreement between the parties' as follows.

. . .

b. [the provisions of the Agreement] regarding alimony shall be amended as follows:

"The Husband shall pay to the wife the sum of $280.00 per month in alimony, such payment to continue for a period of five (5) years. Husband shall not be obligated to pay alimony in excess of $280.00 per month nor shall he be obligated to pay alimony for more than five (5) years. This amount is to be paid through the Clerk of Court, Durham County."

. . .

IT IS THEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

. . .

4. The [husband] shall pay the [wife] $280.00 per month as alimony for five years, or through the month of September, 1993, the payments to be made by the 5th of each month through the Clerk of Court, Durham, North County [sic].

5. That the Separation Agreement, (as amended by the parties in Paragraph 11 of the Findings of Fact of this Order) except as modified by this Order shall be and is hereby incorporated herein by reference and the same as if fully set out herein

in words and figures and said Separation Agreement is made a part of this Judgment.

The parties did not execute written consents to the 14 December 1988 order.

On 13 May 1989, the wife remarried. On 26 July 1989, the husband filed a motion requesting the court to modify its previous order for support on the grounds that the wife had remarried and that "alimony was to stop upon remarriage." The husband's motion came on for hearing on 12 September 1989, and the trial court after reading "the authorities presented . . . the original Agreement and . . . the judgment on December 1988" expressed the opinion that the "judgment itself is unambiguous." The court then concluded:

It's my opinion that the alimony provision was not, in fact, an alimony provision; that it was part of the settlement between the parties, and I think the judgment is clear on that. And, therefore, the alimony provision would not be modifiable. Therefore, would not terminate upon remarriage of the [wife].

So I don't find the need to hear evidence, but I do find that it is not subject to being terminated on that basis.

On 28 November 1989, the trial court entered a written order which provided in pertinent part:

THIS CAUSE coming on to be heard during the week of 11 September 1989 on the [husband]'s Motion to terminate alimony on the grounds of the [wife]'s remarriage . . . the court having examined the record, including a Contract of Separation and Property Agreement signed by the parties on 10 November 1987, a transcript of a Memorandum of Consent stated in open court on 18 October 1988 following a full day's hearing, an Order of the court dated 14 December 1988 amending and incorporating the Contract of Separation and Property Agreement; the Court also having considered arguments of both counsel, Memoranda of law submitted by [wife]'s counsel, and case authority submitted by both counsel, the Court hereby makes the following:

HAYES v. HAYES

[100 N.C. App. 138 (1990)]

FINDINGS OF FACT

. . .

4. On 11 October 1988, the parties appeared before the undersigned Judge on [wife]'s Motion for Child Support. [Wife] was represented by Tracy K. Lischer and [husband] was represented by Attorney Samuel Roberti. After a day's hearing, the parties reached agreement not only on child support but also on all issues raised in [wife]'s Complaint to set aside the Contract of Separation and Property Agreement. The parties incorporated the Contract of Separation and Property Agreement into an Order drafted by [husband]'s attorney and signed on 14 December 1988. The Order further modified certain of the terms of the Contract of Separation and Property Agreement. More specifically, the parties agreed that [wife] would receive the marital home and alimony for five years and that [husband] would receive the marital business, which included assets of a rental house, a building, and equipment.

5. [Husband]'s counsel announced the agreement in open court and [husband]'s counsel drafted the Order signed by the Court on 14 December 1988, which was reviewed by both counsel.

. . .

8. [Husband] contends that [wife]'s alimony should be terminated pursuant to N.C.G.S. § 50-16.9. [Wife] contends that the support provision is not alimony as defined by N.C.G.S. § 50-16.9, but that the support provision and the division of property constitute reciprocal consideration, so that the entire agreement would be destroyed by a modification of the support provision.

. . .

11. There is no finding of fault in either the 14 December 1988 Order or the Contract of Separation and Property Agreement which the Order amends and incorporates. There is no reference to any of the fault grounds enumerated in N.C.G.S. § 50-16.2 which are necessary to uphold an award of true alimony.

12. There is no finding that [wife] is a dependent spouse pursuant to N.C.G.S. § 50-16.2 or that [husband] is the supporting spouse pursuant to N.C.G.S. § 50-16.2 in either the 14 December 1988 Order or the Contract of Separation and Prop-

erty Agreement which it amends and incorporates, which findings are necessary to uphold a true alimony award.

13. There is no finding in either the 14 December 1988 Order or the Contract of Separation and Property Agreement that [wife] is in need of support from [husband] or that [husband] has the ability to pay support or that the amount of support is reasonable under the circumstances, which findings are necessary to uphold an award of true alimony.

14. While the 14 December 1988 Order does specifically state that child support is always within the Court's jurisdiction and that the parties understand that it is modifiable upon a showing of changed circumstances, there is no such statement as to alimony, the Order stating that, "Husband shall not be obligated to pay alimony in excess of $280.00 per month . . . ."

. . .

16. In the 14 December 1988 Order, the [wife] gives up her right to request an increase in alimony or to receive alimony for longer than five years, neither of which provision was in the original Contract of Separation and Property Agreement.

. . .

18. The 14 December 1988 Order further provides that it resolves [wife]'s Complaint to set aside the Contract of Separation and Property Agreement and the incorporated language provides that the parties have settled "all of their respective property rights, and all other rights, duties, and liabilities of each of the parties with respect to and arising out of the marriage (p. 1 Contract of Separation and Property Agreement) . . . for and in consideration of the agreements, stipulations, and covenants herein contained (p. 2 Contract of Separation and Property Agreement) . . . ."

CONCLUSIONS OF LAW

. . .

2. That the language of the Judgment of 14 December 1988 amending and incorporating the Contract of Separation and Property Agreement dated 10 November 1987 is unambiguous.

3. That the document dated 14 December 1988 and amending and incorporating the document dated 10 November 1987 adequately indicate the parties' intent that the support provisions be integrated with and not separable from the property provisions.

4. That parol evidence is therefore not necessary to clarify the Order of 14 December 1988 and the incorporated and amended Contract of Separation and Property Agreement, which terms are unambiguous and to be construed by the Court as a Matter of Law, and the presumption of separability does not properly arise.

5. That the agreement to pay $280.00 per month until September, 1993 is not true alimony, but is in consideration for and inseparable from [wife]'s release of her right to more alimony for a longer term, [wife]'s receipt of the marital home, [husband]'s receipt of the marital business and its assets, and [wife]'s surrender of her right to bring an action to set aside the Contract of Separation and Property Agreement.

6. Insofar as the transcript of the Memorandum of Consent dated 18 October 1988 differs from the Order of 14 December 1988 drafted by [husband]'s counsel, reviewed by counsel for both parties, and signed by the Judge, the Order controls. Notwithstanding that conclusion, however, the Court looks at the whole agreement of the parties and not just the denomination of one provision or another.

7. The Court therefore concludes: that the language of the Judgment of 14 December 1988, which incorporates and amends the Contract of Separation and Property Agreement of 10 November 1987 is unambiguous; that it is a valid property settlement that releases all claims of each party against the other; and that the support provisions are in consideration for and inseparable from the property settlement provisions and are not "true alimony," but part of an integrated property settlement which is not modifiable by the Court even if contained in a Court-ordered Consent Judgment.

. . .

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that [husband]'s Motion to terminate alimony be denied and that [husband] continue to pay to the [wife] $280.00 per month through

the month of September 1993, said payments being made as part of an integrated property settlement, to be continued to be paid through the Clerk of Court, Durham County, North Carolina.

---

The dispositive issue is whether the husband's court-ordered $280.00 per month payment to the wife is true alimony. If it is true alimony, it terminates upon remarriage of the dependent spouse. N.C.G.S. § 50-16.9(b) (1987). If not true alimony, it does not terminate upon remarriage of the dependent spouse.

[1] Whether the support payments are in fact alimony does not depend on whether the order refers to it as "alimony" but instead on whether the support payments constitute "reciprocal consideration" for the property settlement provisions of the order. *White v. White*, 296 N.C. 661, 666, 252 S.E.2d 698, 701 (1979). If the support and property provisions exist reciprocally, the order is considered to reflect an integrated agreement, and the support payments are not alimony in the true sense of the word. *Marks v. Marks*, 316 N.C. 447, 455, 342 S.E.2d 859, 864 (1986). Court-ordered support payments which are part of an integrated agreement are not subject to modification by the trial court nor do they terminate as a matter of law upon remarriage of the dependent spouse. *Id.*

[2] We reject any argument that the opinion in *Walters v. Walters*, 307 N.C. 381, 298 S.E.2d 338 (1983), permits modification of support payments which are part of an integrated agreement simply because the agreement was included in a court order pursuant to the request of the parties. The *Walters* Court indeed held that "court ordered separation agreements . . . are modifiable. . . ." *Id.*, at 386, 298 S.E.2d at 342. However, the Court also held that such agreements are modifiable to the extent and "in the same manner as any other judgment in a domestic relations case." *Id. Walters* did not change, for example, the law in North Carolina that property settlement provisions of a separation agreement included in a consent decree are "beyond the power of the judge to modify without the consent of both parties." *Holsomback v. Holsomback*, 273 N.C. 728, 732, 161 S.E.2d 99, 102-03 (1968). This is so regardless of whether the property settlement provisions are part of an integrated agreement. Likewise, *Walters* did not change the law in North Carolina which prohibits the modification of support provi-

**HAYES v. HAYES**

[100 N.C. App. 138 (1990)]

sions of an integrated property settlement agreement. *See Marks*, 316 N.C. at 455, 342 S.E.2d at 864. However, since support payments not part of an integrated agreement are modifiable by law, N.C.G.S. § 50-16.9(a), *Walters* would allow such support provisions to be modified if included in a court ordered decree at the request of the parties.

[3] Given these principles of law, we must determine whether the support provision of the order at issue is part of an integrated agreement or is in fact separate. The resolution of this issue requires a determination of the intent of the parties regarding integration or non-integration of the provisions of the separation agreement. *White*, 296 N.C. at 667-68, 252 S.E.2d at 702. In *White*, the Court adopted what it considered a "sensible approach for dealing with the issue of separability of provisions in a consent judgment or separation agreement in cases in which the question is not adequately addressed in the document itself." *Id.*, at 671-72, 252 S.E.2d at 704. Specifically, the Court held that

> there is a presumption that provisions in a separation agreement or consent judgment made a part of the court's order are separable and that provisions for support payments therein are subject to modification upon an appropriate showing of changed circumstances.

*Id.*, at 672, 252 S.E.2d at 704. The effect of this presumption is to place the burden of proof on the issue of separability on the party claiming that the agreement is integrated, here the wife. This presumption of separability prevails unless the party with the burden to rebut the presumption proves by a preponderance of the evidence that an integrated agreement was in fact intended by the parties. *Marks*, 316 N.C. at 457, 342 S.E.2d at 865. However, where the parties include unequivocal integration or non-integration clauses in the agreement, this language governs. *See Acosta v. Clark*, 70 N.C. App. 111, 114, 318 S.E.2d 551, 554 (1984) (separation agreement expressly stated that the support provisions were independent of the property settlement provisions); *see also Britt v. Britt*, 36 N.C. App. 705, 711, 245 S.E.2d 381, 385 (1978) (same); *Henderson v. Henderson*, 55 N.C. App. 506, 507, 286 S.E.2d 657, 659 (1982), *aff'd*, 307 N.C. 401, 298 S.E.2d 345 (1983) (order included language that provisions of judgment were integrated). In those cases where no such explicit clauses exist, an evidentiary hearing

to determine the parties' intent is required. 316 N.C. at 457, 342 S.E.2d at 865.

[4] Here the trial court refused to conduct an evidentiary hearing and concluded that the 10 November 1987 order was unambiguous as a matter of law. The court further concluded that the 10 November 1987 document adequately indicated the parties' intent "that the support provisions be integrated with and not separable from the property provisions." The trial court rejected any presumption of separability.

We disagree with the conclusions of the trial court because the separation agreement did not contain explicit, unequivocal provisions on integration or non-integration. Thus, we hold that an evidentiary hearing was required to determine the intent of the parties regarding whether the agreement was separable or integrated. Therefore, we vacate the order of the trial court and remand for an evidentiary hearing on the separability/integration issue.

On remand, evidence of the negotiation between the parties is admissible, *Rowe v. Rowe*, 305 N.C. 177, 185, 287 S.E.2d 840, 845 (1982), to clarify the provisions of the order. Here the parties arguably agreed that the $280.00 payment was fixed and not modifiable. Such provisions are generally against public policy and of no force and effect in non-integrated agreements. *See Acosta*, 70 N.C. App. at 114, 318 S.E.2d at 554 (agreement of parties that judgment is not modifiable found to be immaterial). However, as in *Rowe*, evidence of negotiation is admitted to clarify the uncertainty created by the language of the agreement. 305 N.C. at 185, 287 S.E.2d at 845.

[5] Finally, we reject the husband's argument that the December 1988 order was not in fact a "consent order" and that the principles applied in this opinion are not applicable. While the parties did not execute their written consent to the court order, they indicated their consent in open court prior to the entry of the order and did not object to the inclusion of the Agreement in the order. Furthermore, the Agreement itself contemplated that it would be included in a court order. Clearly, the parties presented their Agreement to the court for its approval, and this submission is sufficient to bring it within the principles applied in this opinion. *See Acosta*, 70 N.C. App. at 113, 318 S.E.2d at 553 (applying *Walters* in absence of any showing the parties executed written consent to court order);

*see also Cavenaugh v. Cavenaugh*, 317 N.C. 652, 659, 347 S.E.2d 19, 24 (1986) (same).

Vacated and remanded.

Judges ORR and LEWIS concur.