JOAN BELL LEMONS, PLAINTIFF v. JACKSON B. LEMONS, JR., DEFENDANT

No. 9010DC1193

(Filed 16 July 1991)

**Divorce and Separation § 28 (NCI4th) — court-ordered consent judgment — alimony and property settlement — separability — hearing required**

    A court-ordered consent judgment contained property settlement as well as support provisions where it required the

## LEMONS v. LEMONS

parties to convert the formal ownership of the marital home "to tenant in common with right of survivorship." Accordingly, where the agreement contained no integration language, an evidentiary hearing was required to determine whether the support and property settlement provisions were separable or integrated before the court could rule on the wife's motion to modify the amount of alimony paid by the husband under the agreement.

**Am Jur 2d, Divorce and Separation §§ 695, 843.**

APPEAL by defendant from order entered 12 February 1990 in WAKE County District Court by *Judge Russell G. Sherrill.* Heard in the Court of Appeals 4 June 1991.

*Hunter, Wharton & Lynch, by V. Lane Wharton, Jr., for plaintiff-appellee.*

*Luke D. Hyde for defendant-appellant.*

GREENE, Judge.

Jackson B. Lemons, Jr. (Husband) appeals from an order filed on 12 February 1990, in which the trial court allowed the motion of Joan Bell Lemons (Wife) for a modification of the amount of alimony paid by Husband to Wife, and increased the monthly alimony payments from $400.00 to $872.00.

Husband and Wife married on 18 December 1959 and separated on 5 December 1977. Wife filed a complaint for divorce, alimony, child custody, and child support on 9 October 1978. On 7 December 1978, the trial court filed an order which was consented to by Husband and Wife. The order states in part:

6. The parties have agreed that the [Wife] is entitled to permanent alimony, and beginning December 1, 1978, the [Husband] shall pay to or for the [Wife] the sum of $400 per month . . . .

7. The [Wife] shall be entitled to occupy and use the family residence . . . without payment of rent to the [Husband], for so long as she shall remain unmarried. This residence shall continue to be owned by the parties until their divorce as tenants by the entirety, and following divorce, the parties shall

take all steps necessary to convert the formal ownership to tenants in common with right of survivorship.

On 2 May 1979, the trial court filed a judgment of divorce which incorporated the order of 7 December 1978.

On 7 December 1989, Wife filed a motion seeking to modify and increase the alimony paid by Husband to Wife due to changed circumstances. A hearing was held on 3 January 1990, and an order was executed 12 February 1990. This order contains the following language:

Prior to the opening of the hearing on the Motion, the [Husband's] counsel informed the Court that it was the position of the [Husband] that the previous Order and Consent Judgment entered herein on December 7, 1978 was non-modifiable. After hearing argument of counsel in the chambers and reviewing the file, the Court announced that the Order was not ambiguous and was clearly modifiable, and that no evidence would be heard on the [Husband's] contention that the Order was non-modifiable.

The trial court concluded that the order of 7 December 1978 was a modifiable order for alimony and ordered an increase in monthly alimony paid by Husband to Wife.

———

The dispositive issue is whether the "alimony" payments ordered in the consent order of 7 December 1978 represent true alimony.

At the time the consent decree in question was entered, in 1978, there existed a distinction between a "court approved contract" and a "court ordered" consent judgment. *See Walters v. Walters*, 307 N.C. 381, 386, 298 S.E.2d 338, 342 (1983) (abolishing distinction between a "court approved contract" and a "court ordered" consent judgment). Prior to *Walters*, only "court ordered" consent judgments were "modifiable within carefully delineated limitations." *Id.* at 385, 298 S.E.2d at 341. "Court approved contracts" could not be altered without the consent of the parties. *Id.* We agree with the parties that the court decree in question is a "court ordered" consent judgment. The record reveals that the trial court adopted as its own a proposed consent judgment submitted to the court.

However, not all support provisions in a court-ordered consent judgment are modifiable. "If support provisions are found to be

consideration for, and inseparable from, property settlement provisions, the support provisions, even if contained in a court-ordered consent judgment, *are not alimony* but instead are merely a part of an integrated property settlement which is *not* modifiable by the courts." *Marks v. Marks*, 316 N.C. 447, 455, 342 S.E.2d 859, 864 (1986) (emphases in original). This court has stated:

> Whether the support payments are in fact alimony does not depend on whether the order refers to it as "alimony" but instead on whether the support payments constitute "reciprocal consideration" for the property settlement provisions of the order. . . . If the support and property provisions exist reciprocally, the order is considered to reflect an integrated agreement, and the support payments are not alimony in the true sense of the word. . . . Court-ordered support payments which are part of an integrated agreement are not subject to modification by the trial court . . . .

*Hayes v. Hayes*, 100 N.C. App. 138, 146, 394 S.E.2d 675, 679 (1990) (citations omitted).

To resolve the question of whether an agreement is integrated or non-integrated, we look to the intention of the parties. *Id.* at 147, 394 S.E.2d at 680. If the agreement contains an unequivocal clause regarding integration or if it contains unequivocal integration language, then this clause or language controls. *Morrison v. Morrison*, 102 N.C. App. 514, 520-21, 402 S.E.2d 855, 859 (1991). In the absence of an integration clause and of integration language, the trial court must hold an evidentiary hearing to determine the parties' intent. *Hayes* at 147-48, 394 S.E.2d at 680. At the hearing, there is a presumption that the provisions of the agreement are separable. *Id.* at 147, 394 S.E.2d at 680. "The effect of this presumption is to place the burden of proof on the issue of . . . [integration] on the party claiming that the agreement is integrated . . . ." *Id.* In order to prevail, the party claiming the agreement is integrated must rebut the presumption by proving by a preponderance of the evidence that the parties intended an integrated agreement. *Id.*

In the present case, the consent order entered into between Husband and Wife contains support provisions and property settlement provisions. We reject Wife's argument that paragraph 7 of the order relates to support and not to property settlement. Paragraph 7 provides that the parties shall "convert the formal ownership [of the real property] to tenants in common with rights

of survivorship." Thus, this provision is a property settlement because it altered the title to real property, with the ultimate title holder of the marital home to be decided by survivorship. *See Vettori v. Fay*, 262 N.C. 481, 483, 137 S.E.2d 810, 811 (1964) (noting that N.C.G.S. § 41-2 abolished survivorship as a legal incident of joint tenancy, but does not preclude entering into contracts to provide for survivorship).

Accordingly, an evidentiary hearing was required to determine the intent of the parties regarding whether the provisions of the agreement were separable or integrated and it was error for the trial court to refuse to allow Husband to present evidence on this issue.

Reversed and remanded.

Judges EAGLES and LEWIS concur.