WILLIAM L. UNDERWOOD v. TERESA W. UNDERWOOD

No. 447PA09-2

(Filed 26 August 2011)

**Divorce— alimony—cohabitation of dependent spouse—consent order modifiable**

The trial court did not err in terminating plaintiff's court-ordered alimony obligation because N.C.G.S. § 50-16.9(b) requires alimony payments to terminate upon cohabitation by a dependent spouse. The consent order between the parties was an order of the court, the consent order unambiguously demonstrated that the parties intended to support defendant with alimony payments, and defendant engaged in cohabitation. The reciprocal consideration provision contained in the consent order did not render the alimony provisions nonmodifiable.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, —— N.C. App. ——, 699 S.E.2d 478 (2010), reversing an order entered on 8 May 2008 by Judge Amy R. Sigmon in District Court, Catawba County, and remanding for further proceedings. Heard in the Supreme Court on 3 May 2011.

*Wesley E. Starnes and Blair E. Cody, III for plaintiff-appellant.*

*Crowe & Davis, P.A., by H. Kent Crowe, for defendant-appellee.*

TIMMONS-GOODSON, Justice.

After two decades of marriage, William and Teresa Underwood divorced. Ten years later, Mr. Underwood asked the trial court to terminate his alimony obligation because his former wife was cohabitating with another man. We hold that the trial court did not err in terminating alimony payments pursuant to section 50-16.9(b) of our General Statutes. Accordingly, we reverse the Court of Appeals.

I.

Plaintiff William Underwood and defendant Teresa Underwood divorced in late 1997, and in March 1999 the District Court, Catawba County, ordered plaintiff to pay his former wife $1000 per month in postseparation support "until further Order of [the] Court." Almost one year later, on 14 February 2000, the district court entered a

Consent Order of Alimony and Equitable Distribution ("Consent Order"), superseding the postseparation support order. Specifically, the Consent Order required Mr. Underwood to make forty-eight monthly payments of $1000 each to defendant. After forty-eight months, plaintiff's monthly alimony obligation dropped to $700. The Consent Order also provided that the payments would cease upon defendant's death or remarriage. Significantly, the Order contained the following reciprocal consideration provision: "The agreements of the parties as to the payment of alimony as set forth herein have been made and are given in reciprocal consideration for the agreements of the parties as to Equitable Distribution and property settlement of the parties."

Plaintiff made alimony payments for the next seven years, but on 6 July 2007, he filed a Motion to Terminate/Modify Alimony. In this motion, plaintiff sought termination of his alimony obligation in light of defendant's cohabitation. N.C.G.S. § 50-16.9(b) (2009) (requiring termination of alimony upon cohabitation by the dependent spouse). Alternatively, plaintiff sought a downward modification of alimony payments, citing defendant's improved financial condition as a "substantial and material change in circumstances." *Id.* § 50-16.9(a) (2009) (permitting modification of alimony upon a "showing of changed circumstances"). In turn, defendant moved to dismiss plaintiff's motion on the basis that the reciprocal consideration provision in the Consent Order rendered the Order nonmodifiable.

On 22 October 2007,[1] the trial court issued an order that denied defendant's motion to dismiss and terminated plaintiff's alimony payments to her. The court also ordered defendant to reimburse plaintiff for alimony paid since 6 July 2007, the date plaintiff filed his motion. The trial court, however, reserved ruling on defendant's request for attorney fees and plaintiff's request for reimbursement of alimony paid before 6 July 2007.

Defendant appealed, and the Court of Appeals reversed on 15 September 2009, holding the trial court lacked the authority to terminate or modify the alimony payments specified in the Consent Order. *Underwood v. Underwood*, 199 N.C. App. 757, 687 S.E.2d 540, 2009 WL 2929307, at *9 (2009) (unpublished). The Court of Appeals concluded that the reciprocal consideration provision demonstrated that the parties unambiguously intended the Order to be nonmodifiable.

---

1. The order was signed and filed on 8 May 2008.

*Id.*, at *7 (citing *Hayes v. Hayes*, 100 N.C. App. 138, 147, 394 S.E.2d 675, 680 (1990)). Next, plaintiff petitioned for discretionary review, and we ordered that the case be "remand[ed] to the Court of Appeals for reconsideration in light of *Walters v. Walters*, 307 N.C. 381, 298 S.E.2d 338 (1983)." *Underwood v. Underwood*, 364 N.C. 238, 699 S.E.2d 925 (2010).

Upon reconsideration, the Court of Appeals again held that the trial court was not authorized to modify the Consent Order and accordingly, reversed and remanded the case. *Underwood v. Underwood*, —— N.C. App. ——, 699 S.E.2d 478, 2010 WL 3633025, at *3 (2010) (unpublished). The Court of Appeals concluded that support provisions subject to a reciprocal consideration provision are not modifiable and that *Walters* made no change in the law applicable to this case. *Id.* Plaintiff then filed a second petition for discretionary review with this Court, which we allowed. *Underwood v. Underwood*, —— N.C. ——, 705 S.E.2d 740 (2011). For the reasons set forth below, we reverse the decision of the Court of Appeals and remand this case for further proceedings.

II.

The issue presented is whether the trial court erred in terminating plaintiff's court-ordered alimony obligation. We hold the trial court did not err because section 50-16.9(b) of our General Statutes requires the termination of alimony payments to a dependent spouse who engages in cohabitation. N.C.G.S. § 50-16.9(b). ("If a dependent spouse who is receiving . . . alimony from a supporting spouse under a judgment or order of a court of this State . . . engages in cohabitation, the . . . alimony shall terminate.").

This Court previously set forth the proper analysis for determining whether a court order is modifiable under section 50-16.9(a), *Marks v. Marks*, 316 N.C. 447, 451, 342 S.E.2d 859, 861-62 (1986); *White v. White*, 296 N.C. 661, 666-70, 252 S.E.2d 698, 701-03 (1979), and that general framework applies here. Termination of alimony payments depends upon (1) the presence of a court order (2) requiring alimony payments to a dependent spouse (3) that has cohabitated. N.C.G.S. § 50-16.9(b). Here the third prong has been satisfied because the trial court's conclusion that "Defendant has been cohabitating" is unchallenged. Therefore, we must determine whether the Consent Order is an order of the court and whether the support payments are in fact alimony.

**UNDERWOOD v. UNDERWOOD**

[365 N.C. 235 (2011)]

A.

The Consent Order before us is an "order of a court" for the purposes of section 50-16.9(b). We reach this conclusion because the trial court decreed, "This Consent Order is hereby adopted by this Court as an Order of this Court," and neither party argues otherwise.

There appears to be lingering confusion about the effect of *Walters*. Plaintiff argues that the present Consent Order is modifiable because *Walters* rendered all consent judgments modifiable, even those containing a reciprocal consideration provision. But the consent judgment in *Walters* contained no reciprocal consideration provision, and thus, *Walters* did not alter the treatment of consent orders containing such a provision. Rather, as stated in *Marks*, *Walters* simplified the test for determining whether a consent judgment is a court order. *Marks*, 316 N.C. at 452, 342 S.E.2d at 862. Before *Walters*, consent judgments that "merely approve[d]" a separation agreement were not considered orders of the court under section 50-16.9. *Id.* But in *Walters* this Court held that such judgments are court orders. *Walters*, 307 N.C. at 386, 298 S.E.2d at 342 ("All separation agreements approved by the court as judgments of the court will be treated . . . as court ordered judgments."); *Marks*, 316 N.C. at 452, 342 S.E.2d at 862. Because the Consent Order at issue here did not "merely approve" a separation agreement, we need not draw upon *Walters* to identify the Order as an "order of the court."

B.

Next, we address whether the support provisions benefiting defendant constitute alimony. If a consent judgment unambiguously conveys that the parties intended support payments to constitute alimony, and relevant statutory requirements are met, then the support payments are in fact alimony. *See Marks*, 316 N.C. at 454-58, 342 S.E.2d at 864-66; *White*, 296 N.C. at 666, 670–71, 252 S.E.2d at 701, 703-04. However, merely labeling support payments as "alimony" does not make them alimony for purposes of section 50-16.9. *Marks*, 316 N.C. at 454, 342 S.E.2d at 864. For example, support provisions exchanged for property settlement provisions are part of a nonmodifiable division of property. *Id.* at 455, 342 S.E.2d at 864. Such provisions are not alimony provisions. *Id.* ("If support provisions are found to be consideration for, and inseparable from, property settlement provisions, the support provisions, even if contained in a court-ordered consent judgment, *are not alimony* but instead are merely a part of an integrated property settlement which is *not* modifiable by the courts.").

## UNDERWOOD v. UNDERWOOD

[365 N.C. 235 (2011)]

In the instant case the Consent Order unambiguously demonstrates that the parties intended to support defendant with alimony payments. First, the Consent Order methodically enumerates stipulations and findings that establish the essential elements of an alimony award set forth in section 50-16.3A. An award of alimony is required when (1) one spouse is the dependent spouse, (2) the other spouse is a supporting spouse, (3) an award of alimony is equitable, and (4) the supporting spouse participated in "illicit sexual behavior." N.C.G.S. § 50-16.3A (2009). Here the findings of fact in the Consent Order satisfy these elements. The parties stipulate and agree that defendant meets the statutory definition of a dependent spouse. Additional findings determine that plaintiff is a supporting spouse and has the ability to pay defendant the amounts set forth in the Consent Order. Also, the parties stipulate that the alimony award is fair and equitable and that plaintiff "committed acts of marital misconduct." Moreover, the Consent Order concludes as a matter of law that "the Defendant is entitled to an award of alimony as set forth herein pursuant to the provisions of N.C.G.S. [§] 50-16.3A *et seq.*" Were the periodic payments merely support payments given in exchange for property division provisions, these findings would have been unnecessary.

Second, the parties consented to support provisions that comply with the statutory definition of "alimony" as "an order for payment for the support and maintenance of a spouse or former spouse, periodically or in a lump sum, for a specified or for an indefinite term, ordered in an action for divorce . . . or in an action for alimony without divorce." *Id.* § 50-16.1A (2009). Here, the parties stipulated and the court concluded that defendant was in substantial need of maintenance and support from plaintiff and that the support would consist of monthly payments. Moreover, while not dispositive, the parties consented to the term "alimony," and the Consent Order refers to the support payments as "alimony" sixteen times, including in the title of the Order.

Third, the organization of the Consent Order indicates that the support payments are alimony because support provisions are listed separately from property provisions. For example, the first decree provides for alimony,[2] and the second decree, with its thirteen sub-

2. 1. The Plaintiff shall pay alimony to the Defendant as follows:

The Plaintiff shall pay directly to the Defendant the sum of $1,000.00 per month as alimony for a period of forty-eight (48) consecutive months beginning with the month of March, 2000, and continuing the same for forty-seven (47) consecutive months thereafter. However, this obligation shall terminate if

UNDERWOOD v. UNDERWOOD

[365 N.C. 235 (2011)]

sections, divides the marital property.[3] All support payment provisions are contained in the alimony decree, and none of the property subsections mention a periodic payment. Finally, the reciprocal consideration provision itself, by using the term "alimony," signals that the support provisions are alimony.

Despite these many indications that the parties intended to provide defendant with alimony, defendant argues that the reciprocal consideration provision demonstrates an intent not to provide alimony. Therefore, defendant contends, the support provisions are not modifiable. We reject this selective reading of the Consent Order. Considering the Order as a whole, the reciprocal consideration provision communicates an intent to make the modification and termination provisions of subsections 50-16.9(a) and (b) inapplicable to this case. The provision first recognizes the payments as alimony, which is consistent with the rest of the Order. But the provision then states that alimony was "given in reciprocal consideration for the agreements of the parties as to Equitable Distribution and property settlement of the parties."

A reciprocal consideration provision cannot immunize alimony payments from modification or termination. Alimony is a creature of statute, subject to both modification and termination under sections 50-16.9(a) and (b), and a reciprocal consideration provision cannot override these statutory requirements. Rather, an enforceable reciprocal consideration provision indicates that the parties agreed to certain support provisions in exchange for property provisions. *See White*, 296 N.C. at 666, 252 S.E.2d at 701 ("[P]eriodic support payments to dependent spouse may not be alimony within the meaning

---

the Defendant remarries or dies before the expiration of the aforementioned forty-eight (48) months.

In addition to the foregoing, beginning March 1, 2004, the Plaintiff shall pay directly to the Defendant the sum of $700.00 per month as alimony until the death of the Defendant or remarriage of the Defendant.

The Plaintiff's monthly alimony obligations to the Defendant shall be due on or before the first (1st) day of each month, beginning March 1, 2000, and shall continue the same each month thereafter until the death or remarriage of the Defendant. In the event the Defendant receives any monthly payment of alimony from the Plaintiff to the Defendant more than five (5) days after the same is due, the Plaintiff shall be obligated to and shall immediately pay a $25.00 late charge to the Defendant for each late payment.

3. 2. The following division of marital property between the parties hereto shall discharge and satisfy all rights or obligations of either party under or pursuant to the provisions of N.C.G.S. [§] 50-20 *et seq.*: . . . .

UNDERWOOD v. UNDERWOOD

[365 N.C. 235 (2011)]

of the statute and thus modifiable if they and [property division pro-
visions] constitute reciprocal consideration for each other."). Mere
incantation of the phrase "reciprocal consideration" does not sponta-
neously render alimony nonmodifiable. *Cf. Marks*, 316 N.C. at 454,
342 S.E.2d at 864 (explaining that denominating a support provision
as "alimony" does not automatically make it alimony under section
50-16.9(a)). Indeed, a consent order cannot preclude enforcement of
a statute. *See Walters*, 307 N.C. at 386, 298 S.E.2d at 342 (concluding
that a consent judgment provision declaring that alimony is not mod-
ifiable upon remarriage by dependent spouse does not exempt the
judgment from section 50-16.9(b)). To hold that this reciprocal con-
sideration provision renders the alimony provisions at issue here
nonmodifiable would violate the nature of alimony and of reciprocal
consideration provisions. The reciprocal consideration provision
here is therefore unenforceable and section 50-16.9 applies.

### III.

In sum, we hold that the parties unambiguously intended for the
support provisions to constitute alimony and that the reciprocal con-
sideration provision is unenforceable. Because section 50-16.9(b)
requires alimony payments to terminate upon cohabitation by a
dependent spouse, the trial court did not err in terminating plain-
tiff's alimony obligation. Accordingly, we reverse the decision of the
Court of Appeals. Further, we remand this case to that court with
instructions to reinstate the order of the trial court and to further
remand this case to the trial' court for proceedings not inconsistent
with this opinion.

REVERSED AND REMANDED.

Justice HUDSON concurs in the result only.